1  MICHELLE B. HEVERLY, Bar No. 178660
   E-Mail: mheverly@littler.com
2  TODD K. BOYER, Bar No. 203132
   E-Mail: tboyer@littler.com
3  LITTLER MENDELSON
   A Professional Corporation
4  50 West San Fernando Street, 14th Floor
   San Jose, CA 95113.2303
5  Telephone:  408.998.4150
   Facsimile:  408.288.5686
6
   Attorneys for Defendant
7  LOCKHEED MARTIN CORPORATION

8
                UNITED STATES DISTRICT COURT
9
                NORTHERN DISTRICT OF CALIFORNIA
10
                     SAN JOSE DIVISION
11
   EMILIO COLLADO,                    Case No. C07 05190
12
              Plaintiff,              NOTICE TO FEDERAL COURT OF
13                                    REMOVAL OF CIVIL ACTION FROM
        v.                            STATE COURT
14
   LOCKHEED MARTIN, and DOES 1        28 U.S.C. §1441(B) DIVERSITY
15 THROUGH 20, inclusive,

16            Defendants.

17

18 TO THE CLERK OF THE ABOVE ENTITLED COURT:

19        PLEASE TAKE NOTICE that Defendant Lockheed Martin Corporation

20 ("Defendant"), improperly named in the Complaint as Lockheed Martin, hereby removes the above-

21 entitled action, Case No. 1-07-CV-092061, from the Superior Court of the State of California,

22 County of Santa Clara, to the United States District Court for the Northern District of California,

23 pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446.

24 I.    JURISDICTION

25        1.    The U.S. District Court has original jurisdiction over this matter pursuant to 28

26 U.S.C. § 1332(a)(1). This case may be removed pursuant to 28 U.S.C. § 1441(b) because it is a civil

27 action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, it is

28 between citizens of different states, and no defendant is a citizen of the State of California.

FIRMWIDE:83197333.1 051770.1004           1.
NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT

## II. INTRADISTRICT ASSIGNMENT

2. Venue in the San Jose Division of the District Court is proper because the events giving rise to Plaintiff's claim occurred in Santa Clara County, California. N.D. Cal. R. 3-2(e).

## III. GENERAL INFORMATION

3. On August 14, 2007, Plaintiff filed an unverified Complaint in the Superior Court of the State of California, County of Santa Clara, entitled EMILIO COLLADO vs. LOCKHEED MARTIN, designated as Case No. 1-07-CV-092061, hereinafter the "Complaint."

4. In the Complaint, Plaintiff alleges, among other things, that Defendant breached an employment agreement it had with him, discriminated against him by terminating his employment because of his alleged disability, and intentionally inflicted emotional distress upon him. A true and correct copy of the Summons and Complaint from the Santa Clara County Superior Court is attached hereto as Exhibit "A."

5. Defendant was served with the Complaint on September 11, 2007, via personal service to the Corporation Service Company, Defendant's registered agent for service of process.

6. There is no other defendant, other than Lockheed Martin, named in the Complaint.

7. This Notice to Federal Court of Removal of Civil Action is timely in that it is filed within thirty days of September 11, 2007, the date Defendant was served with Plaintiff's Complaint. Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986) (thirty day removal period runs for all defendants from the date served with the original complaint); McAnally Enterprises, Inc. v. McAnally, 107 F. Supp. 2d 1223, 1229 (C.D. Cal. 2000) (same).

8. This action may be removed to this Court pursuant to 28 U.S.C. § 1441(b) because it is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). This case is a civil action between citizens of different states and it is obvious from the face of the Complaint that Plaintiff seeks more than $75,000 in damages, exclusive of interest and costs.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

FIRMWIDE:83197333.1 051770.1004                 2.
NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT

## IV. DIVERSITY

9. Diversity grounds for removal exist based upon the following:

   a. Defendant is informed and believes that Plaintiff was, at the time of commencing this action, and still is, a citizen of Santa Clara County, California.

   b. At the time this action was commenced in state court, Defendant was, and still is, a corporation organized under the laws of the State of Maryland and maintaining its principal place of business in the State of Maryland. Thus, Defendant is not a citizen of the State of California. 28 U.S.C. § 1332 (c)(1).

   c. Defendants designated as DOES 1 through 20 are fictitious defendants, are not parties to this action, have not been named or served, and are to be disregarded for the purpose of this removal. 28 U.S.C. § 1441(a). McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). The Doe defendants, therefore, need not consent to this removal.

10. No other party has been named or has been served as of the date of this removal.

## V. AMOUNT IN CONTROVERSY

11. In order to satisfy the $75,000 amount in controversy requirement, the removing party must demonstrate that the amount in controversy "more likely than not" exceeds $75,000. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

12. The District Court may consider whether it is facially apparent from the Complaint that the jurisdictional amount is met. Singer v. State Farm Mutual Auto Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997); Conrad Assoc. v. Hartford Accident & Indemnity Co., 994 F. Supp. 1196, 1198 (N.D. Cal. 1998).

13. In the present case, Plaintiff's Complaint seeks monetary damages, lost back and front wages, and emotional distress damages, which on the face of the Complaint, seek an aggregate amount in excess of $75,000. Plaintiff claims that his wages were earned at the annual rate of over $52,000, not inclusive of benefits. The aggregation of Plaintiff's claims is sufficient to meet the $75,000 amount in controversy requirement. Wolde-Meskel v. Vocational Instruction Project Community Services, Inc., 166 F.3d 59, 62 (2d Cir. 1999); See Bank of California v. Twin Harbors Lumber Co., 465 F.2d 489, 491 (9th Cir. 1972).

14. Plaintiff has also plead a claim for attorneys' fees under the California Fair Employment and Housing Act "FEHA." Attorney fees recoverable by statute or contract are properly included in the amount in controversy. See Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998). Prevailing plaintiffs asserting claims for discrimination under the FEHA may recover attorney fees. See Cal. Gov't. Code § 12965(b); Cal. Code of Civ. Proc. §§ 1032, 1033.5(a)(10).

15. In addition to compensatory damages, punitive damages are also properly included in computing the jurisdictional amount. Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001). A removing defendant may demonstrate that it is "facially apparent" from the complaint that the claims likely exceed $75,000, by showing that punitive damages have been pleaded. In White v. FCI USA, Inc., 319 F.3d 672, 675-676 (5th Cir. 2003), the Court held that it was facially apparent that plaintiff's wrongful termination claim exceeded the $75,000 amount in controversy jurisdictional requirement based on her "lengthy list of compensatory and punitive damages" which included a claim for loss of pay, benefits, impaired future earning capacity, harm to credit and emotional distress.

16. In this matter, Plaintiff has pleaded claims for punitive damages in paragraphs 18 and 26. Plaintiff has also pleaded a claim for emotional distress damages, lost wages and attorney's fees. Attorney's fees recoverable by statute or contract are also properly included in the amount in controversy. See Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998). Prevailing plaintiffs asserting claims for discrimination under the Fair Employment and Housing Act "FEHA" may recover attorney fees. See Cal. Govt. Code § 12965(b); Cal. Code of Civ. Proc. §§ 1032, 1033.5(a)(10).

17. Accordingly, it is apparent from the face of the Complaint that the $75,000 amount in controversy requirement is met. See Bosinger v. Phillips Plastics Corp., 57 F. Supp.2d 986, 989 (S.D. Cal. 1999) (finding federal jurisdiction over matter, nothing that since plaintiff had pleaded contract and tort damages, along with punitive damages, the Complaint exceeded the $75,000 amount in controversy requirement).

18. Therefore, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

19. All pleadings, process or orders received by Defendant in the case are attached hereto. Defendant has received no other process pleadings or orders.

Dated: October 9, 2007

MICHELLE B. HEVERLY
TODD K. BOYER
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
LOCKHEED MARTIN CORPORATION

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

FIRMWIDE:83197333.1 051770.1004      5.
NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT