**CIVIL LAWSUIT NOTICE**
Superior Court of California, County of Santa Clara
191 N. First St., San Jose, CA 95113

ATTACHMENT CV-5012
CASE NUMBER:

1 0 7 C V 0 9 2 0 6 1

**READ THIS ENTIRE FORM**

**PLAINTIFFS** (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

> **DEFENDANTS** (The person(s) being sued): You must do each of the following to protect your rights:
>
> 1. You must file a written response to the *Complaint*, in the Clerk's Office of the Court, within 30 days of the date the *Summons* and *Complaint* were served on you;
> 2. You must send a copy of your written response to the plaintiff; and
> 3. You must attend the first Case Management Conference.
>
> Warning: If you do not do these three things, you may automatically lose this case.

**RULES AND FORMS:** You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing: 408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

**CASE MANAGEMENT CONFERENCE (CMC):** You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

Your Case Management Judge is: **Kevin McKenney**    Department: **16**

The 1st CMC is scheduled for: (Completed by Clerk of Court)
  Date: **JAN 2 2 2008**   Time: **2:15pm**   in Department **16**

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
  Date: _____   Time: _____   in Department _____

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

**WARNING:** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

Form CV-5012
Rev. 07/01/07

**CIVIL LAWSUIT NOTICE**

Page 1 of 1

p.3

Aug 14 07 06:45p

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
LOCKHEED MARTIN, and DOES 1 THROUGH 20, inclusive,

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
EMILIO COLLADO



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
2007 AUG 14 P 3:23
D. Wendel

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Santa Clara Superior Court, Unlimited Jurisdiction
191 North First Street
San Jose, CA 95113

CASE NUMBER: **07CV092061**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stanley Hilton, SBN 65990
2570 North First Street, Suite 200, San Jose, CA 95131, (415) 786-4821

DATE: AUG 1 4 2007   Kiri Torre, Chief Executive Officer/Clerk   Clerk, by D. Wendel, Deputy
*(Fecha)*                                                          *(Secretario)*        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Lockheed Martin
   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

STANLEY G. HILTON, BAR NO. 65990
LAW OFFICES OF STANLEY G. HILTON
580 CALIFORNIA ST., SUITE 500
SAN FRANCISCOl, CA 94104
Tel: (415) 786-4821
FAX 415 439 4963
E MAIL: LOUCASLOUKAS@YAHOO.COM

Attorney for Plaintiff
EMILIO COLLADO

SUPERIOR COURT OF CALIFORNIA,

SANTA CLARA COUNTY, UNLIMITED JURISDICTION

| | |
|---|---|
| EMILIO COLLADO, | No. 107CV092061 |
| Plaintiff, | COMPLAINT FOR MONETARY DAMAGES |
| vs. | |
| LOCKHEED MARTIN and DOES 1 THROUGH 20, inclusive, | JURY TRIAL DEMANDED |
| Defendants. | |

**INTRODUCTORY ALLEGATIONS**

1. Plaintiff, EMILIO COLLADO, is a citizen of the City of ~~Santa Clara~~ San Jose, California, County of Santa Clara, and a Hispanic male who at all times herein mentioned resides in the City of Santa Clara, California, in Santa Clara County, California.

2. Defendant, LOCKHEED MARTIN (hereinafter "Lockheed") is a business located at Sunnyvale, California.

3. Plaintiff was an employee of defendant from on or about April 30, 2001, to on or about January 12, 2006.

4. Defendants are individuals, corporations and businesses located in the County of Santa Clara and are licensed to do business here.

1

Complaint

5. Plaintiff is ignorant of the true names and capacities of defendants sued herein as does one through twenty, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

6. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the defendants was the agent and employee of each of the remaining defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

7. The unlawful business practice complained of herein occurred in Santa Clara County, in Sunnyvale, California.

### FIRST CAUSE OF ACTION:

VIOLATION OF CALIFORNIA GOVERNMENT CODE §§ 12940 THROUGH 12997 (DISCRIMINATION ~~BASED ON RELIGION AND NATIONAL ORIGIN/ANCESTRY~~, SM

A VIOLATION OF CALIF. FAIR EMPLOYMENT AND HOUSING ACT ("FEHA").

8. The allegations of paragraphs 1 through 7 are realleged and incorporated herein by reference. This cause of action is pled against each and every defendant.

9. Defendants employed plaintiff from on or about April 30, 2001, to on or about January 12, 2006, when plaintiff was fired without just cause, and pretextually, because of his mental disability, bipolar disorder.

10. Defendant hired plaintiff to perform certain tasks in its company, at Sunnyvale, California. Plaintiff was promised career opportunities and paths and was promised a great career.

11. On or about December 1, 2004, defendants began to discriminate against plaintiff because of his handicap, medical condition (bipolar *mental disorder* SM). Defendant became aware of this condition on or about December 1, 2004.

12. On or about December 1, 2004, plaintiff's supervisor, Francis Seidl, pried into his medical history and learned he suffered from bipolar disorder.

13. On or about October 2005 defendant placed plaintiff on a PIP (performance improvement plan); on November 30, 2005 defendant suspended plaintiff and on January 12, 2006, defendant fired plaintiff. On or about January 12, 2006, defendant terminated plaintiff's employment, for discriminatory Reasons, and without just cause.

14. Defendants concocted false accusations against plaintiff, accusing him of insubordination, making threats etc., as a pretext for firing him.

15. The defendant had no reason to fire plaintiff and did so because of discriminatory attitudes by defendant as to plaintiff's disability, race, national origin, etc.

16. As a proximate result of said firing plaintiff suffered loss of income and benefits, and severe damage to his reputation, in addition to lost income, and plaintiff has suffered the loss of matching funds to his 401-K Plan which would have been contributed by defendant in the form of shares of Lockheed-Martin stock and employee stock options, and other mutual funds and other funds.

17. As a proximate result of defendants' conduct as explained above, plaintiff has been damaged financially and emotionally, suffered pain and suffering, emotional distress, incurred medical costs, has lost income and other benefits, health insurance, life insurance, pension plan, 401(k) plan etc., has suffered depression and anxiety, and has incurred great expenses, and other health, employment and career benefits, as well as lost potential income earning ability, all to his detriment in a sum according to proof. The actions of defendants described in paragraphs 1 through 10, supra, constitute a violation of the FEHA, Cal. Government Code §12940, et seq.

18. The foregoing conduct of defendants, and each of them, was at all material times malicious, oppressive, discriminatory and intentional and entitles plaintiff to an award of punitive damages. Also plaintiff requests an award of attorney fees under FEHA.

19. Plaintiff filed a timely complaint of discrimination with DFEH and in 2006 was

given a right to sue letter giving him until August 14, 2007, to file this case in court, thus exhausting his administrative remedies. This action is timely brought within the time allowed by DFEH.

20. Plaintiff is entitled to an award of attorney fees under the FEHA statute, as the prevailing party. (Sec. 12965(b), Cal. Government. Code)

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION
(WRONGFUL TERMINATION)

21. The allegations of paragraphs 1 through 20 are realleged and incorporated herein by reference. This cause of action is pled against each and every defendant.

22. On or about January 12, 2006, defendants wrongfully terminated plaintiff from his job in violation of public policy in the state of California by harassing him because he is ethnic and disabled. This harassment violated California public policy which condemns discrimination based on race, color, national origin, ethnicity. Manager of defendant cooked up and fabricated false charges against plaintiff. This was a pretext for breach of contract and wrongful termination.

23. The above described actions by defendants, as described in the first cause of action, supra, was done by defendants and each of them with the intent of harming the plaintiff to his detriment.

24. Plaintiff had vested employment rights because of his long term of association with defendants. The defendants' wrongful termination of his violates public policy.

25. As a proximate result of defendants' conduct as explained above, plaintiff has been damaged financially and emotionally, has suffered pain, has lost income and other benefits, has suffered depression, and has incurred great expenses, and other health, employment and career benefits, as well as lost potential income earning ability, all to his detriment in a sum according to proof.

26. The foregoing conduct of defendants, and each of them, was at all material times malicious and intentional and done with reckless disregard to plaintiff's safety and interests and rights and entitles plaintiff to an award of punitive damages.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as hereinafter set forth.

### THIRD CAUSE OF ACTION
### (BREACH OF CONTRACT)

27. The allegations of paragraphs 1 through 26 are realleged and incorporated herein by reference. This cause of action is pled against each and every defendant.

28. Plaintiff contracted with defendants and each of them, on or about 2001, as an employee with promises of regular increases for Cost of Living Adjustments (hereinafter "COLA") and merit reasons.

29. Plaintiff was associated with defendant for 4 years, consistently received good to excellent performance evaluations and merit raises, was assured on numerous occasions that he would not be terminated arbitrarily and relied on the provisions of the personnel manual regarding the causes for which an employee could be discharged to conclude that plaintiff and defendant had entered into an implied contract that plaintiff would not be discharged unless there was good cause to do so.

30. During the entire course of plaintiff's contract with defendants, and each of them, there existed an express and implied-in-fact contract, both written and oral contract, between plaintiff and defendants which included, but was not limited to, the following terms and conditions:

    a. Plaintiff would be able to continue his association with defendants indefinitely so long as he carried out his duties in a proper and competent manner and would be paid $52,000/year plus regular COLA and merit increases and bonuses;

    b. Plaintiff would not be harassed, demoted, discharged or otherwise disciplined nor would plaintiff's job functions be reassigned for other than good cause with notice

5

Complaint

thereof;

  c. Defendants would not evaluate plaintiff's performance in an arbitrary, untrue or capricious manner;

  d. If grievances or complaints were lodged regarding plaintiff's performance, he would be given written notice and a meaningful opportunity to respond and/or improve..

31. Plaintiff's total contract was evidenced by various written documents, oral representations to plaintiff by defendants' agents and employees, and the parties' entire course of conduct.

32. Plaintiff at all times fulfilled his duties, obligations and conditions under the contract and has been ready, willing and able to continue performing them in a competent and satisfactory manner.

33. Defendants materially breached said contract by summarily terminated by defendants on or about 2006, without cause on a bogus pretext. This wrongful termination violates the salary terms and conditions of the contract.

34. Defendants also materially breached said contract by creating trumped up charges which had no basis in fact. These baseless charges demeaned plaintiff and otherwise created a hostile work environment in an effort to induce plaintiff to quit.

35. Plaintiff's reliance on and belief in and acceptance on good faith of all the assurances, promises and representations as listed in the foregoing paragraphs, led plaintiff throughout his association with defendants to reasonably believe that his relationship was secure and that thereby existed a contract of continuous association with defendants and each of them. As independent consideration for this contract of continuous association, and as evidence of plaintiff's reliance thereon, at the time he began working for defendants, plaintiff gave up secure opportunities or employment with other employers and gave up other career options to accept association with defendants. As further independent consideration, in addition to performing his regular duties as an employee of defendants, plaintiff refrained from seeking any other employment or opportunities and from time to time turned down, gave up, and refrained from

6

Complaint

pursuing other career opportunities, while associated by defendants.

36. Plaintiff undertook and continued association with defendants and duly performed all the conditions of the contract to be performed by him. Plaintiff has at all times been ready, willing and able to perform and has offered to perform all the conditions of this contract to be performed by him.

37. Defendants further materially breached the aforementioned employment contract by engaging in a course of conduct with the intent and effect of making plaintiff's work environment burdensome and oppressive in an effort to induce plaintiff to resign.

38. As a proximate result of defendants' breach of the total employment contract, plaintiff has suffered and continues to suffer losses in earnings, income earning potential, and other career benefits which he would have received had defendants not breached said agreement, all to his damage in an amount according to proof. He also suffered pain and suffering, emotional stress, anxiety and depression, and is entitled to special and general pain and suffering damages therefore.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as hereinafter set forth.

## FOURTH CAUSE OF ACTION

(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

39. The allegations of paragraphs 1 through 38 are realleged and incorporated herein by reference. This cause of action is pled against each and every defendant.

40. On or about 2005 through 2006, defendants' managers and officers engaged in outrageous conduct by imposing a very hostile work environment on him. The defendants began documenting imaginary instances of problems and constantly accusing plaintiff of misconduct without justification.

41. This was nothing more than an attempt to humiliate plaintiff and cause him great emotional distress.

42. On 2006, defendants conspired against plaintiff and fired plaintiff in an

Complaint

1  outrageous manner designed to humiliate and embarrass him, and without any justification.

2      43.    The above-described intentional acts constituted outrageous behavior which caused plaintiff severe emotional distress. The defendants' conduct was outrageous, intentional and malicious and done for the purpose of causing plaintiff to suffer humiliation, mental anguish, and emotional and physical distress. The defendants' conduct was done with a wanton and reckless disregard of the consequences to plaintiff's safety and interests.

    44.    As a proximate result of the aforementioned acts of the defendants, and each of them, plaintiff has suffered and continues to suffer humiliation, mental anguish, and emotional and physical distress and has been injured in mind and body in an amount according to proof. Plaintiff's emotional injuries include anxiety, phobias, stress, and fear of harassment and verbal abuse.

    45.    By reason of the aforementioned acts of the defendants and each of them, plaintiff was prevented from attending to his usual occupation and therefore is entitled to damages for lost income and benefits, as hereinabove alleged, according to proof.

    46.    The aforementioned acts of defendants, and each of them, were willful, wanton, malicious and oppressive, and justify the awarding of exemplary and punitive damages in an amount according to proof, in excess of the jurisdictional minimum of this court.

    47.    By the above conduct, which was outrageous, defendants and each of them inflicted emotional distress upon the plaintiff.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as hereinafter set forth.

## FIFTH CAUSE OF ACTION
### (BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

    48.    The allegations of paragraphs 1 through 47 are realleged and incorporated herein by reference. This cause of action is pled against each and every defendant.

    49.    The employment agreement referred to above contained an implied covenant of good faith and fair dealing, which obligated defendant to perform the terms and conditions of the

8

Complaint

1  agreement fairly and in good faith and to refrain from doing any act that would prevent or impede
2  plaintiff from performing any or all of the conditions of the contract that he agreed to perform, or
3  any act that would deprive plaintiff of the benefits of the contract.

4      50.    Plaintiff was associated with defendant for 4 years, and reasonably relied on the
5  provisions of the personnel manual regarding the causes for which an employee could be
6  discharged and the procedures set forth for such discharges. This created for plaintiff the
7  expectation that defendant would apply its policies and procedures in an even-handed manner to
8  afford plaintiff the protections of those policies and procedures if defendant believed there was
9  cause to discharge plaintiff.

10      51.    Plaintiff at all times fulfilled his duties and conditions under the employment
11  agreement and has been ready, willing and able to continue performing them in a competent and
12  satisfactory manner.

13      52.    Defendant knew that plaintiff had fulfilled all his duties and conditions under the
14  employment agreement.

15      53.    Defendant breached the implied covenant of good faith and fair dealing under
16  the employment agreement by discharging plaintiff without just cause and based on trumped up
17  and false accusations and charges without any basis in fact and without adequate investigation or
18  probable cause to believe that such charges should be given any credence whatsoever. Plaintiff
19  was discharged intentionally, maliciously, and without probable cause as described above, in bad
20  faith and for reason extraneous to the contract.. In fact, defendant wrongfully discharged plaintiff
21  because of reasons of discrimination against plaintiff's disability and ethnic background. Such
22  motives were wrongful in nature and extraneous to the employment relationship and were
23  intended to deprive plaintiff of the benefits of the employment relationship.

24      54.    Defendant further breached the implied covenant of good faith and fair dealing
25  by violating and failing to follow its own personnel policies by failing to investigate, failing to
26  provide plaintiff with fair warning, failing to provide plaintiff with written notice of performance
27  deficiencies or other failures as required by its personnel policy before discharge. This is
28  negligent supervision.

55. As a proximate result of defendant's breach of the implied covenant of good faith and fair dealing, plaintiff has suffered and continues to suffer losses in earnings, income earning potential, and other career benefits which he would have received had defendants not breached said covenant, to his damage in an amount according to proof. He also suffered pain and suffering, emotional stress, anxiety and depression, and is entitled to special and general pain and suffering damages therefor.

56. As a further proximate result of defendant's breach of the implied covenant of good faith and fair dealing, plaintiff has incurred reasonable attorneys' fees in attempting to secure the benefits owed him under the employment agreement.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as hereinafter set forth.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs request relief as follows, against each defendant, for each cause of action:

1. For back pay, future pay, lost income, severance pay, and other monetary relief, in a sum according to proof, i.e., the difference between what plaintiff should have been paid and what he actually was paid;

2. For all lost contractual benefits.

3. For general damages for physical and emotional pain and suffering sustained by plaintiff, in a sum according to proof;

4. For special damages for plaintiff's lost income, foregone and delayed income and diminution in income earning capacity, and related expenses in a sum according to proof;

5. For punitive damages in an amount appropriate to punish defendants for its wrongful conduct and set an example for others;

6. For interest on the sum of damages awarded, calculated from January 12, 2006, to the date of judgment;

7. For reasonable attorney's fees and costs incurred, pursuant to California Government Code Section 12965(b);

1     8.     For costs of suit herein incurred; and

2     9.     For such other and further relief as this Court deems fair, just and equitable.

3 Dated: August 14, 2007

*[signature]*

Stanley G. Hilton
Attorney for Plaintiff
Emilio Collado

## PROOF OF SERVICE BY MAIL

I am employed in Santa Clara County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 50 West San Fernando Street, 14th Floor, San Jose, California 95113.2303. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On October 10, 2007, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT

in a sealed envelope, postage fully paid, addressed as follows:

Stanley G. Hilton, Esq.
Law Offices of Stanley G. Hilton
580 California Street, Suite 500
San Francisco, CA 94014

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 10, 2007, at San Jose, California.

_____
Mary A. Jones

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

Firmwide:83240246.1 051770.1004