MICHELLE B. HEVERLY, Bar No. 178660
TODD K. BOYER, Bar No. 203132
LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA  95113.2303
Telephone:    408.998.4150

Attorneys for Defendant
LOCKHEED MARTIN

ENDORSED FILED

OCT 11 07

XIRI TORRE, CEO
SUPERIOR COURT OF CA.
CO. OF SANTA CLARA
BY_____DEPUTY
J. Cao-Nguyen

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

EMILIO COLLADO,

                    Plaintiff,

          v.

LOCKHEED MARTIN, and DOES 1
THROUGH 20, inclusive,

                    Defendant.

Case No.  107CV092061

**NOTICE TO PLAINTIFF OF REMOVAL
OF CIVIL ACTION TO FEDERAL COURT**

**28 U.S.C. § 1441(B) DIVERSITY**

TO PLAINTIFF, EMILIO COLLADO, AND HIS ATTORNEY OF RECORD:

          PLEASE TAKE NOTICE that a Notice of Removal of this action was filed by

Defendant Lockheed Martin Corporation, in the United States District Court for the Northern

District of California, on October 10, 2007, pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446.  A

copy of said Notice of Removal is attached to this Notice and is served herewith.

Dated: October 10, 2007

_____
TODD K. BOYER
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
LOCKHEED MARTIN

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113.2303
408.998.4150

Firmwide:83196715.1 051770.1004

NOTICE TO PLAINTIFF OF REMOVAL TO FEDERAL COURT

EXHIBIT 1

S 44
Rev. 3/99)

# CIVIL COVER SHEET

he JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required b
w, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of th
lerk of the Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| **(a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| MILIO COLLADO | LOCKHEED MARTIN CORPORATION     **RS** |
| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _Santa Clara_ (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _Santa Clara_ (IN U.S. PLAINTIFF CASES) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) tanley Hilton 570 North First Street, Suite 200 an Jose, CA 95131 | ATTORNEYS (IF KNOWN) Michelle B. Heverly/Todd K. Boyer Littler Mendelson 2425 East Camelback Road, Suite 900 Phoenix, AZ 85016; Ph.: 602.474.3600 |

C07 05190

## . BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## /. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance 120 Marine 130 Miller Act 140 Negotiable Instrument 150 Recovery of Overpayment & Enforcement of Judgment 151 Medicare Act 152 Recovery of Defaulted Student Loans (Excl. Veterans) 153 Recovery of Overpayment of Veteran's Benefits 160 Stockholders' Suits 190 Other Contract 195 Contract Product Liability | **PERSONAL INJURY** ☐ 310 Airplane ☐ 315 Airplane Product Liability ☐ 320 Assault, Libel & Slander ☐ 330 Federal Employers' Liability ☐ 340 Marine ☐ 345 Marine Product Liability ☐ 350 Motor Vehicle ☐ 355 Motor Vehicle Product Liability ☐ 360 Other Personal Injury | **PERSONAL INJURY** ☐ 362 Personal Injury – Med. Malpractice ☐ 365 Personal Injury – Product Liability ☐ 368 Asbestos Personal Injury Product Liability **PERSONAL PROPERTY** ☐ 370 Other Fraud ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage ☐ 385 Property Damage Product Liability | ☐ 610 Agriculture ☐ 620 Other Food & Drug ☐ 625 Drug Related Seizure of Property 21 USC 881 ☐ 630 Liquor Laws ☐ 640 R.R. & Truck ☐ 650 Airline Regs. ☐ 660 Occupational Safety/Health ☐ 690 Other | ☐ 422 Appeal 28 USC 158 ☐ 423 Withdrawal 28 USC 157 **PROPERTY RIGHTS** ☐ 820 Copyrights ☐ 830 Patent ☐ 840 Trademark | ☐ 400 State Reapportionment ☐ 410 Antitrust ☐ 430 Banks and Banking ☐ 450 Commerce/ICC Rates/etc. ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations ☐ 810 Selective Service ☐ 850 Securities/Commodities/ Exchange ☐ 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Railway Labor Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | **SOCIAL SECURITY** ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) **FEDERAL TAX SUITS** ☐ 870 Taxes (U.S. Plaintiff or Defendant) ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 891 Agricultural Acts ☐ 892 Economic Stabilization Act ☐ 893 Environmental Matters ☐ 894 Energy Allocation Act ☐ 895 Freedom of Information Act ☐ 900 Appeal of Fee Determination Under Equal Access to Justice ☐ 950 Constitutionality of State Statutes ☐ 890 Other Statutory Actions |
| 210 Land Condemnation 220 Foreclosure 230 Rent Lease & Ejectment 240 Torts to Land 245 Tort Product Liability 290 All Other Real Property | ☐ 441 Voting ☒ 442 Employment ☐ 443 Housing/ Accommodations ☐ 444 Welfare ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence HABEAS CORPUS: ☐ 530 General ☐ 535 Death Penalty ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition | | | |

## ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐1 Original Proceeding
☒2 Removed from State Court
☐3 Remanded from Appellate Court
☐4 Reinstated or Reopened
☐5 Transferred from another district (specify)
☐6 Multidistrict Litigation
☐7 Appeal to District Judge from Magistrate Judgment

## . CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

sability discrimination, wrongful termination, breach of contract

## I. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## II. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____    DOCKET NUMBER _____

E
10 October 2007

SIGNATURE OF ATTORNEY OF RECORD

## : OFFICE USE ONLY

EIPT# _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

1  MICHELLE B. HEVERLY, Bar No. 178660
   E-Mail: mheverly@littler.com
2  TODD K. BOYER, Bar No. 203132
   E-Mail: tboyer@littler.com
3  LITTLER MENDELSON
   A Professional Corporation
4  50 West San Fernando Street, 14th Floor
   San Jose, CA 95113.2303
5  Telephone:   408.998.4150
   Facsimile:   408.288.5686
6
   Attorneys for Defendant
7  LOCKHEED MARTIN CORPORATION

8

9                 UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

                 SAN JOSE DIVISION
11
                                    **C07   05190**
12 EMILIO COLLADO,           Case No.                        **RS**

13              Plaintiff,   **NOTICE TO FEDERAL COURT OF
                             REMOVAL OF CIVIL ACTION FROM
                             STATE COURT**
14     v.

15 LOCKHEED MARTIN, and DOES 1   **28 U.S.C. §1441(B) DIVERSITY**
   THROUGH 20, inclusive,

16              Defendants.

17

18 TO THE CLERK OF THE ABOVE ENTITLED COURT:

19           PLEASE   TAKE   NOTICE   that   Defendant   Lockheed   Martin   Corporation

20 ("Defendant"), improperly named in the Complaint as Lockheed Martin, hereby removes the above-

21 entitled action, Case No. 1-07-CV-092061, from the Superior Court of the State of California,

22 County of Santa Clara, to the United States District Court for the Northern District of California,

23 pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446.

24 **I.    JURISDICTION**

25           1.   The U.S. District Court has original jurisdiction over this matter pursuant to 28

26 U.S.C. § 1332(a)(1).  This case may be removed pursuant to 28 U.S.C. § 1441(b) because it is a civil

27 action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, it is

28 between citizens of different states, and no defendant is a citizen of the State of California.

## II.    INTRADISTRICT ASSIGNMENT

2.    Venue in the San Jose Division of the District Court is proper because the events giving rise to Plaintiff's claim occurred in Santa Clara County, California. N.D. Cal. R. 3-2(e).

## III.    GENERAL INFORMATION

3.    On August 14, 2007, Plaintiff filed an unverified Complaint in the Superior Court of the State of California, County of Santa Clara, entitled EMILIO COLLADO vs. LOCKHEED MARTIN, designated as Case No. 1-07-CV-092061, hereinafter the "Complaint."

4.    In the Complaint, Plaintiff alleges, among other things, that Defendant breached an employment agreement it had with him, discriminated against him by terminating his employment because of his alleged disability, and intentionally inflicted emotional distress upon him. A true and correct copy of the Summons and Complaint from the Santa Clara County Superior Court is attached hereto as Exhibit "A."

5.    Defendant was served with the Complaint on September 11, 2007, via personal service to the Corporation Service Company, Defendant's registered agent for service of process.

6.    There is no other defendant, other than Lockheed Martin, named in the Complaint.

7.    This Notice to Federal Court of Removal of Civil Action is timely in that it is filed within thirty days of September 11, 2007, the date Defendant was served with Plaintiff's Complaint. Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986) (thirty day removal period runs for all defendants from the date served with the original complaint); McAnally Enterprises, Inc. v. McAnally, 107 F. Supp. 2d 1223, 1229 (C.D. Cal. 2000) (same).

8.    This action may be removed to this Court pursuant to 28 U.S.C. § 1441(b) because it is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). This case is a civil action between citizens of different states and it is obvious from the face of the Complaint that Plaintiff seeks more than $75,000 in damages, exclusive of interest and costs.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
5 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

FIRMWIDE:83197333.1 051770.1004                    2.

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT

## IV.    DIVERSITY

9.    Diversity grounds for removal exist based upon the following:

a.    Defendant is informed and believes that Plaintiff was, at the time of commencing this action, and still is, a citizen of Santa Clara County, California.

b.    At the time this action was commenced in state court, Defendant was, and still is, a corporation organized under the laws of the State of Maryland and maintaining its principal place of business in the State of Maryland. Thus, Defendant is not a citizen of the State of California. 28 U.S.C. § 1332 (c)(1).

c.    Defendants designated as DOES 1 through 20 are fictitious defendants, are not parties to this action, have not been named or served, and are to be disregarded for the purpose of this removal. 28 U.S.C. § 1441(a). <u>McCabe v. General Foods Corp.</u>, 811 F.2d 1336, 1339 (9th Cir. 1987). The Doe defendants, therefore, need not consent to this removal.

10.    No other party has been named or has been served as of the date of this removal.

## V.    AMOUNT IN CONTROVERSY

11.    In order to satisfy the $75,000 amount in controversy requirement, the removing party must demonstrate that the amount in controversy "more likely than not" exceeds $75,000. <u>Sanchez v. Monumental Life Ins. Co.</u>, 102 F.3d 398, 404 (9th Cir. 1996).

12.    The District Court may consider whether it is facially apparent from the Complaint that the jurisdictional amount is met. <u>Singer v. State Farm Mutual Auto Ins. Co.</u>, 116 F.3d 373, 377 (9th Cir. 1997); <u>Conrad Assoc. v. Hartford Accident & Indemnity Co.</u>, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998).

13.    In the present case, Plaintiff's Complaint seeks monetary damages, lost back and front wages, and emotional distress damages, which on the face of the Complaint, seek an aggregate amount in excess of $75,000. Plaintiff claims that his wages were earned at the annual rate of over $52,000, not inclusive of benefits. The aggregation of Plaintiff's claims is sufficient to meet the $75,000 amount in controversy requirement. <u>Wolde-Meskel v. Vocational Instruction Project Community Services, Inc.</u>, 166 F.3d 59, 62 (2d Cir. 1999); <u>See Bank of California v. Twin Harbors Lumber Co.</u>, 465 F.2d 489, 491 (9th Cir. 1972).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
G West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

1    14. Plaintiff has also plead a claim for attorneys' fees under the California Fair

2    Employment and Housing Act "FEHA." Attorney fees recoverable by statute or contract are

3    properly included in the amount in controversy. See Galt G/S v. JSS Scandinavia, 142 F.3d 1150,

4    1156 (9th Cir. 1998). Prevailing plaintiffs asserting claims for discrimination under the FEHA may

5    recover attorney fees. See Cal. Gov't. Code § 12965(b); Cal. Code of Civ. Proc. §§ 1032,

6    1033.5(a)(10).

7    15. In addition to compensatory damages, punitive damages are also properly

8    included in computing the jurisdictional amount. Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th

9    Cir. 2001). A removing defendant may demonstrate that it is "facially apparent" from the complaint

10    that the claims likely exceed $75,000, by showing that punitive damages have been pleaded. In

11    White v. FCI USA, Inc., 319 F.3d 672, 675-676 (5th Cir. 2003), the Court held that it was facially

12    apparent that plaintiff's wrongful termination claim exceeded the $75,000 amount in controversy

13    jurisdictional requirement based on her "lengthy list of compensatory and punitive damages" which

14    included a claim for loss of pay, benefits, impaired future earning capacity, harm to credit and

15    emotional distress.

16    16. In this matter, Plaintiff has pleaded claims for punitive damages in paragraphs

17    18 and 26. Plaintiff has also pleaded a claim for emotional distress damages, lost wages and

18    attorney's fees. Attorney's fees recoverable by statute or contract are also properly included in the

19    amount in controversy. See Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998).

20    Prevailing plaintiffs asserting claims for discrimination under the Fair Employment and Housing Act

21    "FEHA" may recover attorney fees. See Cal. Govt. Code § 12965(b); Cal. Code of Civ. Proc. §§

22    1032, 1033.5(a)(10).

23    17. Accordingly, it is apparent from the face of the Complaint that the $75,000

24    amount in controversy requirement is met. See Bosinger v. Phillips Plastics Corp., 57 F. Supp.2d

25    986, 989 (S.D. Cal. 1999) (finding federal jurisdiction over matter, nothing that since plaintiff had

26    pleaded contract and tort damages, along with punitive damages, the Complaint exceeded the

27    $75,000 amount in controversy requirement).

28

.ITTLER MENDELSON
L Professional Corporation
C West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

FIRMWIDE:83197333.1 051770.1004                    4.

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT

1    18.    Therefore, this Court has jurisdiction over this matter pursuant to 28 U.S.C.

2    § 1332.

3    19.    All pleadings, process or orders received by Defendant in the case are attached

4    hereto.  Defendant has received no other process pleadings or orders.

5

6    Dated:    October 9, 2007

7

8

9    MICHELLE B. HEVERLY
     TODD K. BOYER
10   LITTLER MENDELSON
     A Professional Corporation
11   Attorneys for Defendant
     LOCKHEED MARTIN CORPORATION

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT

EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**



FILED

2007 AUG 14 P 3 23

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LOCKHEED MARTIN, and DOES 1 THROUGH 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
EMILIO COLLADO

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Santa Clara Superior Court, Unlimited Jurisdiction<br>191 North First Street<br>San Jose, CA 95113 | CASE NUMBER:<br>*(Número del Caso):*<br>1 0 7 C V 0 9 2 0 6 1 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stanley Hilton, SBN 65990
2570 North First Street, Suite 200, San Jose, CA 95131, (415) 786-4821

| DATE:<br>*(Fecha)* AUG 1 4 2007 | Kiri Torre<br>Chief Executive Officer/Clerk | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* LOCKHEED MARTIN

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| | | Page 1 of 1 |
|---|---|---|

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

# CIVIL LAWSUIT NOTICE

**Superior Court of California, County of Santa Clara**
**191 N. First St., San Jose, CA 95113**

CASE NUMBER: _____

**ATTACHMENT CV-5012**

**1 0 7 C V 0 9 2 0 6 1**

## READ THIS ENTIRE FORM

<u>**PLAINTIFFS**</u> (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

<u>**DEFENDANTS**</u> (The person(s) being sued): You must do each of the following to protect your rights:

1.  You must file a written response to the *Complaint,* in the Clerk's Office of the Court, within 30 days of the date the *Summons* and *Complaint* were served on you;
2.  You must send a copy of your written response to the plaintiff; and
3.  You must attend the first Case Management Conference.

   **Warning:** If you do not do these three things, you may automatically lose this case.

<u>**RULES AND FORMS:**</u> You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

*   State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
*   Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm
*   Rose Printing: 408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

<u>**CASE MANAGEMENT CONFERENCE (CMC):**</u> You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

   *You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

Your Case Management Judge is: **Kevin McKenney**         Department: **16**

The 1st CMC is scheduled for: (Completed by Clerk of Court)

   Date: ~~JAN 2 2 2008~~   Time: **2:15pm**   in Department **16**

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)

   Date: _____   Time: _____   in Department _____

<u>**ALTERNATIVE DISPUTE RESOLUTION (ADR):**</u> If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

<u>**WARNING:**</u> Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

p.3

Aug 14 07 06:45p

1  STANLEY G. HILTON, BAR NO. 65990
   LAW OFFICES OF STANLEY G. HILTON
2  580 CALIFORNIA ST., SUITE 500
   SAN FRANCISCOI, CA 94104
3  Tel: (415) 786-4821
   FAX 415 439 4963
4  E MAIL: LOUCASLOUKAS@YAHOO.COM

5  Attorney for Plaintiff
   EMILIO COLLADO
6

7

8                  SUPERIOR COURT OF CALIFORNIA,

9          SANTA CLARA COUNTY, UNLIMITED JURISDICTION

10

11  EMILIO COLLADO,                    )  No.   1 0 7 C V 0 9 2 0 6 1
                                       )
12        Plaintiff,                   )
                                       )  COMPLAINT FOR MONETARY
13        vs.                          )  DAMAGES
                                       )
14  LOCKHEED MARTIN and DOES 1         )
    THROUGH 20, inclusive,             )  JURY TRIAL DEMANDED
15                                     )
          Defendants.                  )
16                                     )
                                       )
17                                     )

18

19              INTRODUCTORY ALLEGATIONS

20        1.    Plaintiff, EMILIO COLLADO, is a citizen of the City of ~~Santa Clara~~ San Jose, California,

21  County of Santa Clara, and a Hispanic male who at all times herein mentioned resides in the

    City of Santa Clara, California, in Santa Clara County, California.
22
          2.    Defendant, LOCKHEED MARTIN (hereinafter "Lockheed") is a business
23
    located at Sunnyvale, California.
24
          3.    Plaintiff was an employee of defendant from on or about April 30, 2001, to on or
25
    about January 12, 2006.
26
          4.    Defendants are individuals, corporations and businesses located in the County of
27
    Santa Clara and are licensed to do business here.
28

_____
Complaint                          1

5.      Plaintiff is ignorant of the true names and capacities of defendants sued herein as does one through twenty, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

6.      Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the defendants was the agent and employee of each of the remaining defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

7.      The unlawful business practice complained of herein occurred in Santa Clara County, in Sunnyvale, California.

## FIRST CAUSE OF ACTION:

VIOLATION OF CALIFORNIA GOVERNMENT CODE §§ 12940 THROUGH 12997
(DISCRIMINATION) ~~BASED ON HIS HANDICAP AND/OR NATIONAL ORIGIN/ANCESTRY~~, *SM*
A VIOLATION OF CALIF. FAIR EMPLOYMENT AND HOUSING ACT ("FEHA").

8.      The allegations of paragraphs 1 through 7 are realleged and incorporated herein by reference. This cause of action is pled against each and every defendant.

9.      Defendants employed plaintiff from on or about April 30, 2001, to on or about January 12, 2006, when plaintiff was fired without just cause, and pretextually, because of his mental disability, bipolar disorder.

10.     Defendant hired plaintiff to perform certain tasks in its company, at Sunnyvale, California. Plaintiff was promised career opportunities and paths and was promised a great career.

11.     On or about December 1, 2004, defendants began to discriminate against plaintiff because of his handicap, medical condition (bipolar). *mental disorder.* *SM* Defendant became aware of this condition on or about December 1, 2004.

2

Complaint

1    12.    On or about December 1, 2004, plaintiff's supervisor, Francis Seidl, pried into

2    his medical history and learned he suffered from bipolar disorder.

3    13.    On or about October 2005 defendant placed plaintiff on a PIP (performance

4    improvement plan); on November 30, 2005 defendant suspended plaintiff and on January 12,

5    2006, defendant fired plaintiff. On or about January 12, 2006, defendant terminated plaintiff's

6    employment, for discriminatory Reasons, and without just cause.

7    14.    Defendants concocted false accusations against plaintiff, accusing him of

8    insubordination, making threats etc., as a pretext for firing him.

9    15.    The defendant had no reason to fire plaintiff and did so because of

10   discriminatory attitudes by defendant as to plaintiff's disability, race, national origin, etc.

11   16.    As a proximate result of said firing plaintiff suffered loss of income and benefits,

12   and severe damage to his reputation, in addition to lost income, and plaintiff has suffered the

13   loss of matching funds to his 401-K Plan which would have been contributed by defendant in the

14   form of shares of Lockheed-Martin stock and employee stock options, and other mutual funds

15   and other funds.

16   17.    As a proximate result of defendants' conduct as explained above, plaintiff has

17   been damaged financially and emotionally, suffered pain and suffering, emotional distress,

18   incurred medical costs, has lost income and other benefits, health insurance, life insurance,

19   pension plan, 401(k) plan etc., has suffered depression and anxiety, and has incurred great

20   expenses, and other health, employment and career benefits, as well as lost potential income

21   earning ability, all to his detriment in a sum according to proof. The actions of defendants

22   described in paragraphs 1 through 10, supra, constitute a violation of the FEHA, Cal.

23   Government Code §12940, et seq.

24   18.    The foregoing conduct of defendants, and each of them, was at all material times

25   malicious, oppressive, discriminatory and intentional and entitles plaintiff to an award of punitive

26   damages. Also plaintiff requests an award of attorney fees under FEHA.

27   19.    Plaintiff filed a timely complaint of discrimination with DFEH and in 2006 was

28

3

Complaint

1  given a right to sue letter giving him until August 14, 2007, to file this case in court, thus

2  exhausting his administrative remedies.  This action is timely brought within the time allowed by

3  DFEH.

4      20.      Plaintiff is entitled to an award of attorney fees under the FEHA statute, as the

5  prevailing party. (Sec. 12965(b), Cal. Government. Code)

6      WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as

7  hereinafter set forth.

8                  **SECOND CAUSE OF ACTION**

9                  (WRONGFUL TERMINATION)

10     21.      The allegations of paragraphs 1 through 20 are realleged and incorporated herein

11 by reference.  This cause of action is pled against each and every defendant.

12     22.      On or about January 12, 2006, defendants wrongfully  terminated plaintiff from

13 his job in violation of public policy in the state of California by harassing him because he is

14 ethnic and disabled. This harassment violated California public policy  which condemns

15 discrimination based on race, color, national origin, ethnicity.  Manager of defendant cooked up

16 and fabricated false charges against plaintiff.  This was a pretext for breach of contract and

17 wrongful termination.

18     23.      The above described actions by defendants, as described in the first cause of

19 action, supra, was done by defendants and each of them with the intent of harming the plaintiff to

20 his detriment.

21     24.      Plaintiff had vested employment rights because of his long term of association

22 with defendants.  The defendants' wrongful termination of his violates public policy.

23     25.      As a proximate result of defendants' conduct as explained above, plaintiff has

24 been damaged financially and emotionally, has suffered pain, has lost  income and other benefits,

25 has suffered depression, and has incurred great expenses, and other health, employment and

26 career benefits, as well as lost potential income earning ability, all to his detriment in a sum

27 according to proof.

28

<center>4</center>

Complaint

26.     The foregoing conduct of defendants, and each of them, was at all material times malicious and intentional and done with reckless disregard to plaintiff's safety and interests and rights and entitles plaintiff to an award of punitive damages.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as hereinafter set forth.

### THIRD CAUSE OF ACTION

(BREACH OF CONTRACT) 

27.     The allegations of paragraphs 1 through 26 are realleged and incorporated herein by reference.  This cause of action is pled against each and every defendant.

28.     Plaintiff contracted with defendants and each of them, on or about 2001, as an employee with promises of regular increases for Cost of Living Adjustments (hereinafter "COLA") and merit reasons.

29.     Plaintiff was associated with defendant for 4 years, consistently received good to excellent performance evaluations and merit raises, was assured on numerous occasions that he would not be terminated arbitrarily and relied on the provisions of the personnel manual regarding the causes for which an employee could be discharged to conclude that plaintiff and defendant had entered into an implied contract that plaintiff would not be discharged unless there was good cause to do so.

30.     During the entire course of plaintiff's contract with defendants, and each of them, there existed an express and implied-in-fact contract, both written and oral contract,  between plaintiff and defendants which included, but was not limited to, the following terms and conditions:

a.     Plaintiff would be able to continue his association with defendants indefinitely so long as he carried out his duties in a proper and competent manner and would be paid $52,000/year plus regular COLA and merit increases and bonuses;

b.     Plaintiff would not be harassed, demoted, discharged or otherwise disciplined nor would plaintiff's job functions be reassigned for other than good cause with notice

5

Complaint

1  thereof;

2      c.    Defendants would not evaluate plaintiff's performance in an arbitrary,

3  untrue or capricious manner;

4      d.    If grievances or complaints were lodged regarding plaintiff's performance,

5  he would be given written notice and a meaningful opportunity to respond and/or improve..

6      31.    Plaintiff's total contract was evidenced by various written documents, oral

7  representations to plaintiff by defendants' agents and employees, and the parties' entire course of

8  conduct.

9      32.    Plaintiff at all times fulfilled his duties, obligations and conditions under the

10  contract and has been ready, willing and able to continue performing them in a competent and

11  satisfactory manner.

12      33.    Defendants materially breached said contract by summarily terminated by

13  defendants on or about 2006, without cause on a bogus pretext.  This wrongful termination

14  violates the salary terms and conditions of the contract.

15      34.    Defendants also materially breached said contract by creating trumped up

16  charges which had no basis in fact.  These baseless charges demeaned plaintiff and otherwise

17  created a hostile work environment in an effort to induce plaintiff to quit.

18      35.    Plaintiff's reliance on and belief in and acceptance on good faith of all the

19  assurances, promises and representations as listed in the foregoing paragraphs, led plaintiff

20  throughout his association with defendants to reasonably believe that his relationship was secure

21  and that thereby existed a contract of continuous association with defendants and each of them.

22  As independent consideration for this contract of continuous association, and as evidence of

23  plaintiff's reliance thereon, at the time he began working for defendants, plaintiff gave up secure

24  opportunities or employment with other employers and gave up other career options to accept

25  association with defendants.  As further independent consideration, in addition to performing his

26  regular duties as an employee of defendants, plaintiff refrained from seeking any other

27  employment or opportunities and from time to time turned down, gave up, and refrained from

28

Complaint

1  pursuing other career opportunities, while associated by defendants.

2      36.      Plaintiff undertook and continued association with defendants and duly

3  performed all the conditions of the contract to be performed by him.  Plaintiff has at all times

4  been ready, willing and able to perform and has offered to perform all the conditions of this

5  contract to be performed by him.

6      37.      Defendants further materially breached the aforementioned employment contract

7  by engaging in a course of conduct with the intent and effect of making plaintiff's work

8  environment burdensome and oppressive in an effort to induce plaintiff to resign.

9      38.      As a proximate result of defendants' breach of the total employment contract,

10  plaintiff has suffered and continues to suffer  losses in earnings, income earning potential, and

11  other career benefits which he would have received had defendants not breached said agreement,

12  all to his damage in an amount according to proof. He also suffered pain and suffering, emotional

13  stress, anxiety and depression, and is entitled to special and general pain and suffering damages

14  therefore.

15      WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as

16  hereinafter set forth.

17              **FOURTH CAUSE OF ACTION**

18          (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

19      39.      The allegations of paragraphs 1 through 38 are realleged and incorporated herein

20  by reference.  This cause of action is pled against each and every defendant.

21      40.      On or about 2005 through 2006, defendants' managers and officers engaged in

22  outrageous conduct by imposing a very hostile work environment on him.  The defendants began

23  documenting imaginary instances of problems and constantly accusing plaintiff of misconduct

24  without justification.

25      41.      This was nothing more than an attempt to humiliate plaintiff and cause him great

26  emotional distress.

27      42.      On 2006, defendants conspired against plaintiff and fired plaintiff in an

28

7

Complaint

1  outrageous manner designed to humiliate and embarrass him, and without any justification.

2    43.    The above-described intentional acts constituted outrageous behavior which

3  caused plaintiff severe emotional distress. The defendants' conduct was outrageous, intentional

4  and malicious and done for the purpose of causing plaintiff to suffer humiliation, mental anguish,

5  and emotional and physical distress. The defendants' conduct was done with a wanton and

6  reckless disregard of the consequences to plaintiff's safety and interests.

7    44.    As a proximate result of the aforementioned acts of the defendants, and each of

8  them, plaintiff has suffered and continues to suffer humiliation, mental anguish, and emotional

9  and physical distress and has been injured in mind and body in an amount according to proof.

10  Plaintiff's emotional injuries include anxiety, phobias, stress, and fear of harassment and verbal

11  abuse.

12    45.    By reason of the aforementioned acts of the defendants and each of them,

13  plaintiff was prevented from attending to his usual occupation and therefore is entitled to

14  damages for lost income and benefits, as hereinabove alleged, according to proof.

15    46.    The aforementioned acts of defendants, and each of them, were willful, wanton,

16  malicious and oppressive, and justify the awarding of exemplary and punitive damages in an

17  amount according to proof, in excess of the jurisdictional minimum of this court.

18    47.    By the above conduct, which was outrageous, defendants and each of them

19  inflicted emotional distress upon the plaintiff.

20    WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as

21  hereinafter set forth.

22  ### FIFTH CAUSE OF ACTION

23  (BREACH OF IMPLIED COVENANT OF GOOD FAITH

24  AND FAIR DEALING)

25    48.    The allegations of paragraphs 1 through 47 are realleged and incorporated herein

26  by reference. This cause of action is pled against each and every defendant.

27    49.    The employment agreement referred to above contained an implied covenant of

28  good faith and fair dealing, which obligated defendant to perform the terms and conditions of the

8

1  agreement fairly and in good faith and to refrain from doing any act that would prevent or impede

2  plaintiff from performing any or all of the conditions of the contract that he agreed to perform, or

3  any act that would deprive plaintiff of the benefits of the contract.

4        50.      Plaintiff was associated with defendant for 4 years, and reasonably relied on the

5  provisions of the personnel manual regarding the causes for which an employee could be

6  discharged and the procedures set forth for such discharges.  This created for plaintiff the

7  expectation that defendant would apply its policies and procedures in an even-handed manner to

8  afford plaintiff the protections of those policies and procedures if defendant believed there was

9  cause to discharge plaintiff.

10       51.      Plaintiff at all times fulfilled his duties and conditions under the employment

11 agreement and has been ready, willing and able to continue performing them in a competent and

12 satisfactory manner.

13       52.      Defendant knew that plaintiff had fulfilled all his duties and conditions under the

14 employment agreement.

15       53.      Defendant breached the implied covenant of good faith and fair dealing under

16 the employment agreement by discharging plaintiff without just cause and based on trumped up

17 and false accusations and charges without any basis in fact and without adequate investigation or

18 probable cause to believe that such charges should be given any credence whatsoever.  Plaintiff

19 was discharged intentionally, maliciously, and without probable cause as described above, in bad

20 faith and for reason extraneous to the contract..  In fact, defendant wrongfully discharged plaintiff

21 because of reasons of discrimination against plaintiff's disability and ethnic background.  Such

22 motives were wrongful in nature and extraneous to the employment relationship and were

23 intended to deprive plaintiff of the benefits of the employment relationship.

24       54.      Defendant further breached the implied covenant of good faith and fair dealing

25 by violating and failing to follow its own personnel policies by failing to investigate, failing to

26 provide plaintiff with fair warning, failing to provide plaintiff with written notice of performance

27 deficiencies or other failures as required by its personnel policy before discharge.  This is

28 negligent supervision.

9

Complaint

55.     As a proximate result of defendant's breach of the implied covenant of good faith and fair dealing, plaintiff has suffered and continues to suffer losses in earnings, income earning potential, and other career benefits which he would have received had defendants not breached said covenant, to his damage in an amount according to proof.  He also suffered pain and suffering, emotional stress, anxiety and depression, and is entitled to special and general pain and suffering damages therefor.

56.     As a further proximate result of defendant's breach of the implied covenant of good faith and fair dealing, plaintiff has incurred reasonable attorneys' fees in attempting to secure the benefits owed him under the employment agreement.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs request relief as follows, against each defendant, for each cause of action:

1.     For back pay, future pay, lost income, severance pay, and other monetary relief, in a sum according to proof, i.e., the difference between what plaintiff should have been paid and what he actually was paid;

2.     For all lost contractual benefits.

3.     For general damages for physical and emotional pain and suffering sustained by plaintiff, in a sum according to proof;

4.     For special damages for plaintiff's lost income, foregone and delayed income and diminution in income earning capacity, and related expenses in a sum according to proof;

5.     For punitive damages in an amount appropriate to punish defendants for its wrongful conduct and set an example for others;

6.     For interest on the sum of damages awarded, calculated from January 12, 2006, to the date of judgment;

7.     For reasonable attorney's fees and costs incurred, pursuant to California Government Code Section 12965(b);

Complaint

1    8.    For costs of suit herein incurred; and

2    9.    For such other and further relief as this Court deems fair, just and equitable.

3    Dated: August 14, 2007

4

5    Stanley G. Hilton
     Attorney for Plaintiff
6    Emilio Collado

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint

11

1

**PROOF OF SERVICE BY MAIL**

2          I am employed in Santa Clara County, California. I am over the age of eighteen years

3   and not a party to the within-entitled action. My business address is 50 West San Fernando Street,

4   14th Floor, San Jose, California 95113.2303. I am readily familiar with this firm's practice for

5   collection and processing of correspondence for mailing with the United States Postal Service. On

6   October 10, 2007, I placed with this firm at the above address for deposit with the United States

7   Postal Service a true and correct copy of the within document(s):

8          NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL
           ACTION FROM STATE COURT
9
10   in a sealed envelope, postage fully paid, addressed as follows:

11   Stanley G. Hilton, Esq.
     Law Offices of Stanley G. Hilton
12   580 California Street, Suite 500
     San Francisco, CA 94014
13
14          Following ordinary business practices, the envelope was sealed and placed for

15   collection and mailing on this date, and would, in the ordinary course of business, be deposited with

16   the United States Postal Service on this date.

17          I declare under penalty of perjury under the laws of the State of California that the

18   above is true and correct.

19          Executed on October 10, 2007, at San Jose, California.

20

21                                           *Mary A. Jones*
                                             Mary A. Jones
22

23

24

25

26

27

28

LER MENDELSON
FESSIONAL CORPORATION
rst San Fernando Street
14th Floor
Jose, CA 95113.2303
409.998.4150

Firmwide:83240246.1 051770.1004

1  MICHELLE B. HEVERLY, Bar No. 178660
   E-Mail: mheverly@littler.com
2  TODD K. BOYER, Bar No. 203132
   E-Mail: tboyer@littler.com
3  LITTLER MENDELSON
   A Professional Corporation
4  50 West San Fernando Street, 14th Floor
   San Jose, CA 95113.2303
5  Telephone:   408.998.4150
   Facsimile:   408.288.5686
6
7  Attorneys for Defendant
   LOCKHEED MARTIN CORPORATION
8
9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                    SAN JOSE DIVISION

12  EMILIO COLLADO,                      CASE NO. C07 05190 RS

13                Plaintiff,             NOTICE OF PARTY WITH FINANCIAL
                                         INTEREST (Civ LR 3-16)
14        v.

15  LOCKHEED MARTIN, and DOES 1
    THROUGH 20, inclusive,

16                Defendants.

17

18        Pursuant to Civil LR 3-16, the undersigned certifies that the following listed persons,

19  associations of person, firms, partnerships, corporations (including parent corporations) or other

20  entities (i) have a financial interest in the subject matter in controversy or in a party to the

21  proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be

22  substantially affected by the outcome of this proceeding: (List names and identify their connection

23  and interest:

24        Defendant Lockheed Martin Corporation is publicly traded (NYSE: LMT). It does

25  not have a parent corporation. State Street Bank and Trust Company, the principal bank subsidiary

26  of State Street Corporation (NYSE: SST), and U.S. Trust, Bank of America Wealth Management, a

27  subsidiary of Bank of America Corporation (NYSE: BAC), both primarily as co-fiduciaries for

28  certain Lockheed Martin Corporation employee benefit plans, each hold more than 10% of Lockheed

Martin Corporation's stock.  No other person or entity owns more than 10% of Lockheed Martin Corporation's stock.

Defendant General Dynamics Corporation is publicly traded (NYSE: GD).  It does not have a parent corporation, and no publicly held corporation owns 10% or more of its stock.

Dated:    October 10, 2007

MICHELLE B. HEVERLY
TODD K. BOYER
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
LOCKHEED MARTIN CORPORATION

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408 998 4150

FIRMWIDE:83251874.1 051770.1004

NOTICE OF PARTY WITH FINANCIAL INTEREST (CIV LR 3-16)

1

**PROOF OF SERVICE BY MAIL**

2      I am employed in Santa Clara County, California.  I am over the age of eighteen years

3 and not a party to the within-entitled action.  My business address is 50 West San Fernando Street,

4 14th Floor, San Jose, California  95113.2303.  I am readily familiar with this firm's practice for

5 collection and processing of correspondence for mailing with the United States Postal Service.  On

6 October 10, 2007, I placed with this firm at the above address for deposit with the United States

7 Postal Service a true and correct copy of the within document(s):

8          NOTICE OF PARTY WITH FINANCIAL INTEREST

9 in a sealed envelope, postage fully paid, addressed as follows:

10 Stanley G. Hilton, Esq.
   Law Offices of Stanley G. Hilton
11 580 California Street, Suite 500
   San Francisco, CA 94014
12

13      Following ordinary business practices, the envelope was sealed and placed for

14 collection and mailing on this date, and would, in the ordinary course of business, be deposited with

15 the United States Postal Service on this date.

16      I declare under penalty of perjury under the laws of the State of California that the

17 above is true and correct.

18      Executed on October 10, 2007, at San Jose, California.

19

20                              _Mary A. Jones_

21                              Mary A. Jones

22

23

24

25

26

27

28

TLER MENDELSON
ROFESSIONAL CORPORATION
West San Fernando Street
14th Floor
n Jose, CA 95113.2303
408.998.4150

Firmwide:83240246.1 051770.1004

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

EMILIO COLLADO,

                    Plaintiff (s),

          v.

LOCKHEED MARTIN, ET AL.,
                    Defendant(s).

No. C 07-05190 RS

ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES

          IT IS HEREBY ORDERED that this action is assigned to the Honorable Richard Seeborg.
When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all
other parties a copy of this order , the Notice of Assignment of Case to a United States
Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must
comply with the case schedule listed below unless the Court otherwise orders.

          IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution
(ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize
themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern
District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited
number of printed copies are available from the Clerk's Office for parties in cases not subject to the
court's Electronic Case Filing program (ECF).

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 10/10/2007 | Notice of removal filed | |
| 1/9/2008 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 1/23/2008 | *Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1) Civil L.R . 16-9 |
| 1/30/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Courtroom 4, 5th Floor, SJ at 2:30 PM | Civil L.R. 16-10 |

*  If the Initial Case Management Conference is continued, the other deadlines are continued
accordingly.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
MAGISTRATE JUDGE RICHARD SEEBORG

## STANDING ORDER RE: INITIAL CASE MANAGEMENT

1.    In cases that are randomly assigned to Judge Seeborg for all purposes, the parties are requested to file their written consent to the assignment of a U.S. Magistrate Judge for all purposes, or their written declination of consent, as soon as possible.

2.    The civil motion calendar is heard on Wednesdays at 9:30 a.m. The criminal motion calendar is heard on Thursdays at 9:30 a.m. Motions may be noticed for hearing pursuant to Civil L.R. 7. Counsel need not reserve a hearing date in advance for civil motions. However, noticed dates may be reset as the Court's calendar requires.

3.    Case Management and Pretrial Conferences are heard on Wednesdays at 2:30 p.m.

4.    Parties with questions regarding scheduling of settlement conferences should contact Judge Seeborg's judicial assistant at 408/535-5357. All other scheduling questions should be addressed to Judge Seeborg's courtroom deputy at 408/535-5346.

5.    A Case Management Conference will be held on the date and time specified in the Order Setting Initial Case Management Conference in Courtroom 4, United States Courthouse, 280 South First Street, San Jose, California. This conference may be continued only by Court Order pursuant to Civil L.R. 16-2(e). Parties may not stipulate to continue a case management conference without Court approval.

6.    Pursuant to Rule 26(f), F.R.Civ.P. and Civil Local Rule 16-3, no later than 21 days before the Case Management Conference, each party shall confer to consider and discuss: (1) the nature and basis of their claims and defenses; (2) possibilities for a prompt settlement or resolution of the case; (3) exchanging the initial disclosures required by Rule 26(a)(1), F.R.Civ.P.; (4) developing a proposed discovery plan with suitable limits; and (5) preparation of a joint case management statement.

7.    The parties shall also consider the selection of an ADR (Alternative Dispute Resolution) process. See "Dispute Resolution Procedures in the Northern District of California" handbook. Pursuant to Civil Local Rule 16-8(b) and ADR Local Rule 3-5, no later than the date specified in the Order Setting Initial Case Management Conference, each party shall file and serve an ADR Certificate.

8.    Pursuant to Civil L.R. 16-9, no later than seven (7) days before the Case Management Conference, the parties shall file a Joint Case Management Statement and Proposed Order (see sample form attached hereto). If preparation of a joint statement would cause undue hardship, the parties may serve and file separate statements, which shall include a description of the undue hardship.

9.    Discovery motions may be addressed to the Court in three ways: a motion may be noticed on not less than 35 days' notice pursuant to Civil L.R. 7-2. Alternatively, any party may seek an order shortening time under Civil L.R. 6-3 if the circumstances justify that relief. In emergencies during discovery events (such as depositions), any party may contact the Court to ask if the Judge is available to address the problem pursuant to Civil L.R. 37-1(b). In the event a discovery dispute arises, counsel for the party seeking discovery shall in good faith confer with counsel for the party failing to make the discovery in an effort to resolve the dispute without court action, as required by Fed.R.Civ.P. 37 and Civil L.R. 37-1(a). A declaration setting forth these meet and confer efforts, and the final positions of each party, shall be included in the moving papers. The Court will not consider discovery motions unless the moving party has complied with Fed.R.Civ.P. 37 and Civil L.R. 37-1(a). The parties are discouraged from attaching letters between counsel as exhibits to discovery motions.

10.    Plaintiff or removing Defendant shall serve a copy of this Standing Order on all parties to this action and on all parties subsequently joined, in accordance with Fed.R.Civ.P 4 and 5. Following service, Plaintiff shall file a certificate of service, in accordance with Civil L.R. 5-6.

IT IS SO ORDERED.

Dated: January 26, 2005

Richard Seeborg
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

Case No. _____

## STANDING ORDER REGARDING

## CASE MANAGEMENT IN CIVIL CASES

This order sets forth requirements for initial case management in all civil matters assigned to District Judges James Ware, Ronald M. Whyte and Jeremy Fogel, and Magistrate Judges Patricia V. Trumbull, Richard Seeborg, and Howard R. Lloyd. All papers filed must include the case number of the action followed by the initials of the assigned district judge or magistrate judge and, if applicable, the initials of the magistrate judge to whom the action is referred for discovery or other pretrial activity.

Plaintiff shall serve a copy of this Standing Order on all parties to this action and on all parties subsequently joined, in accordance with Fed.R.Civ.P. 4 and 5. Following service, plaintiff shall file a certificate of service in accordance with Civil L.R. 5-6(a).

All disclosure or discovery disputes in cases assigned to district judges are referred to the assigned magistrate judge for determination pursuant to Fed.R.Civ.P. 72(a). Magistrate judges themselves handle disclosure and discovery disputes in the cases assigned to them.

Before selecting a hearing date for a motion before any of the judges of the San Jose Division, counsel must confer with opposing counsel to determine that the proposed hearing date will not cause undue prejudice.

Civil motions under Civil L.R. 7-2 in cases assigned to Judge Ware may be noticed for hearing on any Monday at 9:00 a.m.

Civil motions under Civil L.R. 7-2 in cases assigned to Judge Whyte may be noticed for hearing on any Friday at 9:00 a.m.

1    Civil motions under Civil L.R. 7-2 in cases assigned to Judge Fogel may be noticed for hearing only

2  after contacting Judge Fogel's judicial secretary, Teresa Fleishman, at 408-535-5426 and obtaining an available

3  date.

4    Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Trumbull may be noticed for

5  hearing on any Tuesday at 10:00 a.m.

6    Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Seeborg may be noticed for

7  hearing on any Wednesday at 9:30 a.m.

8    Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Lloyd may be noticed for

9  hearing on any Tuesday at 10:00 a.m.

10    Pursuant to Fed.R.Civ.P. 16 and 26 and Civil L.R. 16-10(a), a Case Management Conference will be

11  held on _____ at _____, at the United States Courthouse, 280

12  South First Street, San Jose, California. This conference may be continued only by court order pursuant to Civil

13  L.R. 16-2(e). Parties may not stipulate to continue a Case Management Conference without court approval.

14    Pursuant to Civil L.R. 16-3, in advance of the Case Management Conference, counsel shall confer with

15  their respective clients and opposing counsel for the purposes specified in Fed.R.Civ.P. 26(f), Civil L.R. 16-8

16  and 16-9, and in patent cases, Patent L.R. 3.1 through 3.6. A meaningful meet and confer process prior to the

17  Case Management Conference and good faith compliance with the requirements of this Order are essential

18  elements of effective case management. Failure to meet and confer, to be prepared for the Case Management

19  Conference or to file a Joint Case Management Conference Statement may result in sanctions. Parties may, but

20  are not required, to attend the Case Management Conference.

21    In all "E-filing" cases when filing papers in connection with any motion for determination by a judge,

22  the parties shall, in addition to filing papers electronically, lodge with chambers a printed copy of the papers by

23  the close of the next court day following the day the papers are filed electronically. These printed copies shall be

24  marked "Chambers Copy" and shall be submitted to the Clerk's Office, in an envelope clearly marked with the

25  judge's name, case number and "E-filing Chambers Copy." Parties shall not file a paper copy of any document

26  with the Clerk's Office that has already been filed electronically.

27  IT IS SO ORDERED.

28  Dated: Effective on the date this order is filed, until further court order.

1

2

3

4

James Ware
United States District Judge

5

6

7

8

Ronald M. Whyte
United States District Judge

9

10

11

12

Jeremy Fogel
United States District Judge

13

14

15

Patricia V. Trumbull
United States Chief Magistrate Judge

16

17

18

19

Richard Seeborg
United States Magistrate Judge

20

21

22

23

Howard R. Lloyd
United States Magistrate Judge

24

25

26

27

28

3

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.    <u>Jurisdiction and Service</u>:  The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.    <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.    <u>Legal Issues</u>: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.    <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

5.    <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.    <u>Evidence Preservation</u>: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.    <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.    <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.    <u>Class Actions</u>: If a class action, a proposal for how and when the class will be certified.

10.    <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.    <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any

-1-

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.    Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.    Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.    Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.    Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.    Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.    Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.    Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition,** each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

# ADR

**OFFICE OF THE CLERK**
# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

RICHARD W. WIEKING
CLERK **E-FILING**

**C07   05190** **RS**

280 SOUTH FIRST STREET
SAN JOSE, CA. 95113
408-535-5364

## WELCOME TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, CLERK'S OFFICE, SAN JOSE DIVISION

In addition to the Local Rules, the following guidelines have been provided to ensure that the filing process is accomplished with ease and accuracy. Please help us to assist in making your visit to the U.S. District Court Clerk's Office productive and worthwhile.

1. When submitting a Proof of Service that is not attached to the back of a document, you must attach a cover sheet showing case caption and number in accordance with the Local Rules.

2. Appropriate sized self-addressed envelopes are to be included with proposed orders or when filing documents by mail.

3. In order to facilitate the file stamping process, original documents should be submitted on top of their copies. In other words, group like or corresponding documents together.

4. This office will **retain the ORIGINAL plus ONE COPY of most documents** submitted. We will conform as many copies as you bring (*within reason*) for your use.

5. The copies retained go directly to the assigned judge or magistrate judge. *Courtesy copies, or instructions for couriers to delivery a copy directly to chambers are inappropriate unless you have been instructed to do so by court order.*

6. The document caption should include the appropriate judge or magistrate judge who is involved in that particular matter or before whom an appearance is being made.

7. The case number must include the initials of the judge and magistrate judge as well as the initials designating the case to Early Neutral Evaluation (ENE) or Arbitration (ARB).

8. The case number must include whether it is a civil or criminal matter by the inclusion of a "C" or "CR" at the beginning of the number.

9. Documents must be **stapled and/or ACCO fastened** at the top. **NO BINDER CLIPS OR RUBBER BANDS PLEASE.**

10. Two holes-punched at the top of bulky or thick documents at the top of pages will facilitate processing.

# NORTHERN DISTRICT OF CALIFORNIA SAN JOSE DIVISION
## CRIMINAL AND CIVIL LAW AND MOTION/TRIAL/SETTLEMENT/CASE
### MANAGEMENT/DISMISSAL HEARING SCHEDULES

## FOGEL (JF) - COURTROOM #3, 5TH FLOOR

| | | |
|---|---|---|
| Civil: | Friday | @ 9:00 A.M. |
| Criminal: | Wednesday | @ 9:00 A.M. |
| CMC: | Friday | @ 10:30 A.M. |
| Pretrial: | Friday | @ 11:00 A.M. & (10) days before Trial |
| Trial:   Jury Selection: | Friday | @ 1:30 P.M. |

## LLOYD (HRL) - COURTROOM #2, 5TH FLOOR

| | | |
|---|---|---|
| Civil: | Tuesdays | @ 10:00 A.M. |
| Criminal: | Thursdays | @ 9:30 A.M. |
| CMC: | Tuesdays | @ 1:30 P.M. |
| Pretrial: | Tuesday | @ 1:30 P.M. |

## TRUMBULL (PVT) - COURTROOM #5, 4TH FLOOR

| | | |
|---|---|---|
| Civil: | Tuesday | @ 10:00 A.M. |
| Criminal: | Thursday | @ 9:30 A.M. & 2:00 P.M. |
| Stat/CMC: | Tuesday | @ 2:00 P.M. |
| Pretrial: | Tuesday | @ 2:00 P.M. |
| Trial: | Monday | @ 9:30 A.M. |

## WARE (JW) - COURTROOM #8, 4TH FLOOR

| | | |
|---|---|---|
| Civil: | Monday | @ 9:00 A.M. |
| Criminal: | Monday | @ 1:30 P.M. |
| CMC: | Monday | @ 10:00 A.M. |
| Criminal Pretrial: | Monday | @ 1:30 P.M. |
| Civil Pretrial: | Monday | @ 3:00pm & two weeks before Trial |
| Trial:   Jury Selection: | Tuesday | @ 9:00 A.M. |
| Testimony: | Tuesday/ Wednesday/Thursday/Friday | |

## SEEBORG (RS) - COURTROOM #4, 5TH FLOOR

| | | |
|---|---|---|
| Civil: | Wednesday | @ 9:30 A.M. |
| Criminal: | Thursday | @ 9:30A.M. |
| CMC: | Wednesday | @ 2:30 P.M. |
| Pretrial: | Wednesday | @ 1:30 P.M. |
| Trial: | Monday | @ 9:00A.M. |

## WHYTE (RMW) - COURTROOM #6, 4TH FLOOR

| | | |
|---|---|---|
| Civil: | Friday | @ 9:00 A.M. |
| Criminal: | Monday | @ 9:00 A.M. |
| CMC: | Friday | @ 10:30 A.M. |
| Pretrial: | Thursday | @ 2:00 P.M. and 20 days before Trial |
| Trial: | Monday | @ 1:30 P.M. |

Rev: 3/13/01:tg
Updated: 08/08/02
Updated:4/22/04:bjw
Updated 11/29/05bjw

GENERAL ORDER NO. 40

PROHIBITION OF BIAS

Prologue

The Court is committed to ensuring that all forms of bias and prejudice are eliminated from the practice of law in our district. Accordingly, the Court enacts the following General Order and shall amend its local rules to implement the policy set forth herein. It should be noted that the General Order is intended to govern the conduct of attorneys and litigants since existing law already places a duty of fair treatment on judges and court employees. While the enforcement procedures set forth in paragraphs (2) through (6) apply only to attorneys, paragraph (1) calls upon all participants involved in court business to treat all individuals with respect and courtesy.

Duties and Procedures

(1) The practice of law before the United States District Court for the Northern District of California must be free from prejudice and bias in any form. Treatment free of bias must be accorded all other attorneys, litigants, judicial officers, court-room jurors or support personnel. The duty to exercise nonbiased behavior includes the responsibility to avoid comment or behavior manifesting prejudice or bias toward another. This duty is owed by all attorneys, judges, judicial officers and court personnel in connection with cases pending before the district court.

(2)   The purpose of the facilitation process set forth herein shall be principally to promote understanding and education through voluntary peer review of biased behavior.  To implement the policy set forth in paragraph (1), the Court shall appoint a committee of attorneys practicing in the Northern District to constitute the Advisory Committee on Professional Conduct ("the Committee").  The roster of the Committee shall remain on file with the Clerk of the Court.  It shall be the responsibility of the Committee, serving at the discretion of the Court as an advisory adjunct, to hear complaints of biased behavior and to provide a forum for the voluntary resolution of conflicts of this nature.

(3)   Upon being directly notified of an alleged violation of paragraph (1) or upon referral from the Court, the chair of the Committee shall, after consultation with the complaining party, appoint a member of the Committee or other appropriate, neutral facilitator who shall provide the parties a copy of this rule, and then attempt to facilitate a resolution of the matter.  When deemed necessary in a particular case by the Committee, the chair of the Committee may appoint a facilitator who is not on the roster.  Participation by the parties shall be voluntary, but the Court, by this rule, encourages participation.  All matters that are the subject of facilitation, including the names of the parties, shall remain absolutely confidential.

(4)   Attorneys are encouraged to resolve alleged violations of paragraph (1) informally, without resort to the processes set forth

2

herein.  If attempts at informal resolution fail or would be inappropriate, an alleged violation of paragraph (1) may be raised through:  a) referral to the Committee; or b) formal presentation to the Court.  When the matter has been presented to the Court, the Court has discretion to send the matter to the Committee for facilitation.  However, nothing in this rule shall affect the Court's inherent power to use its processes to ensure that the practice of law before the Court is free from bias.  Where a Judge or Magistrate Judge is alleged to have engaged in biased behavior, enforcement of paragraph (1) shall be made with reference to Title 28 U.S.C. §372(c) and to the Rules of the Judicial Council of the Ninth Circuit Governing Complaints of Judicial Misconduct or Disability.

(5)  All communications by the parties and witnesses pursuant to an investigation under this rule shall be deemed confidential.  Unless required by law, the Committee shall not retain written records of the facilitation processes.  However, the Committee may collect data on types of alleged violations or underlying anecdotes that might be useful in educational programs, provided that the identities of participants shall not be disclosed.

(6)  Notwithstanding the foregoing, any violation of paragraph (1) committed in the presence of the Court should be addressed promptly by the Court.  Any violation, whether or not committed in the presence of the Court (such as misconduct in the presence of witnesses or jurors), that affects the integrity of the judicial

3

process should be promptly raised with the Court.

ADOPTED:   January 10, 1995

# U.S. District Court Northern California

## ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Civil Local Rule 5-4 and General Order 45. <u>This means that you **must**</u> (check off the boxes ☑ when done):

☐ **1) Serve** <u>this</u> ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

<u>Each attorney representing a party must also:</u>

☐ **2) Register** to become an efiler by filling out the efiler application form. Follow ALL the instructions on the form carefully. If you are already registered in this district, <u>do not</u> register again, your registration is valid for life on all ECF cases in this district.

☐ **3) Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below. You do not need to wait for your registration to be completed to email the court.

☐ **4)** Access dockets and documents using **PACER** (Public Access to Court Electronic Records). If your firm already has a PACER account, please use that - it is not necessary to have an individual account. PACER registration is free. If you need to establish or check on an account, visit: **http://pacer.psc.uscourts.gov** or call **(800) 676-6856**.

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers submitted by attorneys in this case shall be filed electronically. Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website: **http://ecf.cand.uscourts.gov**

## Submitting Initiating Documents

PDF versions of all the initiating documents originally submitted to the court (Complaint or Notice of Removal, exhibits, etc.) must be **emailed (not efiled)** to the **PDF email box for the presiding judge** (not the referring judge, if there is one) **within 10 (ten) business days** of the opening of your case. For a complete list of the email addresses, please go to: **http://ecf.cand.uscourts.gov** and click on **[Judges]**.

You must include the case number and judge's initials in the <u>subject line</u> of all relevant emails to the court. You do not need to wait for your registration to email these documents.

These documents must be emailed instead of e-filed to prevent duplicate entries in the ECF system. All other documents must be e-filed from then on. You do not need to efile or email the Civil Cover Sheet, Summons, or any documents issued by the court at case opening; note that you do need to efile the Summons Returned.

## Converting Documents to PDF

Conversion of a word processing document to a PDF file is required before any documents may be submitted to the Court's electronic filing system. Instructions for creating PDF files can be found at the ECF web site: **http://ecf.cand.uscourts.gov**, and click on **[FAQ]**.

**Email Guidelines:** When sending an email to the court, the subject line of the email **must** contain the **case number, judge's initials** and the **type of document(s)** you are sending, and/or the topic of the email.

**Examples:** The examples below assume your case number is 03-09999 before the Honorable Charles R. Breyer:

| Type of Document | Email Subject Line Text |
|---|---|
| Complaint Only | 03-09999 CRB Complaint |
| Complaint and Notice of Related Case | 03-09999 CRB Complaint, Related Case |
| Complaint and Motion for Temporary Restraining Order | 03-09999 CRB Complaint, TRO |

Version 5/14/2007

**Questions**
Almost all questions can be answered in our **FAQs** at
**http://ecf.cand.uscourts.gov**, please check them first.

You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or
call the toll-free ECF Help Desk number at: (866) 638-7829.

The ECF Help Desk is staffed Mondays through Fridays from
9:00am to 4:00pm Pacific time, excluding court holidays.

# GENERAL ORDER NO. 45

## ELECTRONIC CASE FILING

### I.    Rules and Orders.

A.  Authorization.  Local Rule 5-4 authorizes electronic filing in conjunction with Federal Rule of Civil Procedure 5(e) and Federal Rule of Criminal Procedure 49(b) and (d).  The following policies shall govern electronic filing in this district.

B.  Modification by the court.  In extraordinary circumstances in a particular case, a judge may modify these policies in the interest of justice.

C.  Applicability of Other Rules and Orders.  Unless modified by approved stipulation or order of the court or a judge, all Federal Rules of Civil and Criminal Procedure, Local Rules, and orders of the court shall continue to apply to cases which are subject to electronic filing.

### II.    Definitions and Instructions.

The following definitions and instructions shall apply to these policies regarding electronic filing:

A.  The term "ECF" refers to the court's Electronic Case File program.

B.  The term "ECF web site" refers to the official Electronic Case File Internet site of the Northern District of California at http://ecf.cand.uscourts.gov.

C.  "Electronic Filing" refers to the process of logging in to the court web site and completing a transaction which includes the uploading of the document(s) comprising the filing to the court's system.  Sending a document by email does not constitute an electronic filing.

D.  The term "party" shall include counsel of record.

E.  An "ECF User", as set forth in Section 4 below, is a person who is registered to use the ECF site.  An ECF login is an attorney's individual electronic signature equivalent.

F.  The "E-Mail Address of Record" is the e-mail address of each party to the case as maintained by the Clerk.

G.  A "Notice of Electronic Filing" is generated automatically by the ECF system upon completion of an electronic filing.  The Notice of Electronic Filing when e-mailed to the e-mail addresses of record in the case acts as the proof of service.

H.  All hours stated shall be Pacific time.

I. All days are calculated according to the provisions of Federal Rule of Civil Procedure 6(a).

J. "PACER" is the Federal Judiciary's system for Public Access to Court Electronic Records. A PACER account is required for retrieving documents from the ECF system as it is for most Judiciary online systems. A firm may register for a PACER account by visiting the PACER Service Center's web site at http://pacer.psc.uscourts.gov.

K. Procedures and instructions for using the Court's ECF system consistent with these policies may be found on the ECF web site. The ECF web site, as well as providing access to filing and retrieval of documents, also contains instructions, a user manual, tutorials, an extensive posting concerned with Frequently Asked Questions ("FAQs"), bulletins of changes in the program, including its software, etc.

L. The term "PDF" refers to Portable Document Format, a specific computer file format which is the only format in which a document may be electronically filed. Information about PDF can be found on the ECF web site. (See also Sec. VI.B.)

III.  **Selection of Cases.**

Except for certain types of cases, all cases shall be presumptively designated for participation in the court's ECF program. A list of the types of cases exempt from e-filing may be found on the ECF web site. In the event that a pro se party obtains counsel in a case which had been excluded from e-filing because of pro se party status, the case will be automatically designated for the e-filing program.

IV.  **Registration, Appearance and Access.**

A. Obligation to Register. Each attorney of record is obligated to become an ECF User and be assigned a user ID and password for access to the system upon notification that the action is subject to ECF. Registration shall be on a form prescribed by the Clerk. Attorneys of record who fail to register timely shall be subject to such sanctions as may be imposed by the Court.

B. Obligation to Keep Account Information Current. An e-filer login account is a permanent, individual electronic signature equivalent for a particular attorney. Registered attorneys are required to keep their account information current. Account information may be updated online at the ECF web site.

C. Notification of Appearance. Because the ECF system's e-mailed Notices of Electronic Filing (see Sec. II.G) will only be delivered to the original addressee, it is important to keep the list of counsel current. Counsel shall follow these instructions:
   1.) A Notice of Appearance should be filed whenever counsel joins a case.

2

2.) In the event that counsel from the same firm replace one another as representatives of a client, a Notice of Substitution of Counsel shall be filed.

3.) In the event that a particular counsel ceases to be involved with a case when the party is still represented by other counsel, a Notice of Change in Counsel shall be filed.

4.) The withdrawal of a party's sole remaining counsel is governed by Civil Local Rule 11-5 and requires an order of the court.

5.) The replacement of one firm by another as counsel for a party also requires an order of the court.

Upon receipt of the preceding notifications, the Clerk of Court will update the record of appearances of counsel.

D. Authorizing Use of User ID and Password by Others. An ECF User may authorize another person to file a document using the User ID and Password of the ECF User, and the ECF User shall retain full responsibility for any document so filed.

E. Access.

1.) Filing: Only an ECF user as defined in Section IV.A may file documents.

2.) Retrieval: Any person may review at the clerk's office all filings, electronic or paper, that have not been sealed by the court. Any person also may access the Electronic Filing System at the court's ECF web site by obtaining a PACER log-in and password. Any person who has PACER access may retrieve online docket sheets in civil and criminal cases which are not sealed, and may retrieve online documents which are not sealed with the following exceptions:

a.) Exceptions in Civil Cases: Any person who has PACER access may retrieve online electronically filed documents in civil cases other than Social Security appeals. Only counsel for a party to the case may retrieve online documents in a Social Security appeal.

b.) Exceptions in Criminal Cases (Limited Access filings): Any person who has PACER access may retrieve online electronically filed documents in criminal cases, except that counsel in criminal cases may designate particular filings as "Limited Access" if they contain sensitive personal information. Any document, filed in response to a Limited Access filing, that also refers to the personal information shall also be designated as Limited Access. The words LIMITED ACCESS shall be prominently displayed on any such documents so designated. Such documents can be retrieved at the clerk's office but may not be retrieved online.

V.    Filing and Service of Documents.

A. Initiating Documents. Complaints, indictments and informations, including superseding indictments and informations, and other case-initiating documents shall be filed, any fees paid, and summons issued and served in the traditional manner on paper rather than electronically. For cases subject to ECF pursuant to Section III. above, all

3

previously filed documents shall be submitted in electronic form (PDF format only) within ten days. Submission of initiating documents must be made by email rather than by e-filing.  A list of email addresses for the submission of PDF documents may be found at the ECF web site. In Bankruptcy appeal and Social Security appeal cases, the record from the court or agency below shall not be submitted electronically, but shall be submitted on paper only.  Failure to email PDF copies of initiating documents timely shall be subject to such sanctions as may be imposed by the Court.

B.  Documents Filed on Paper in Cases Designated for ECF.  Whenever a paper filing is made of any document in a case designated for e-filing, the document shall be submitted in electronic form (PDF format only) within ten days via email to the appropriate email address. A list of email addresses for the submission of PDF documents may be found at the ECF web site.

C.  Documents E-Filed in Cases Not Designated for ECF.  Filings in cases not designated for electronic filing should be made on paper only. In the event a document is e-filed in a case not designated for electronic filing, the document must be submitted to the court for the purpose of completing the paper file; the document should not be filed again.  The filer of the document should mark the paper copy clearly with "E-filed on [date].  Copy for paper file".

D.  Service and Answer.  Upon the filing of a complaint in an action which is subject to ECF, the plaintiff(s) shall serve notice upon the defendant(s) that the action is subject to ECF, and shall serve the ECF handout, received by the filer at the time of opening the case which contains information necessary for registration, together with the complaint.  The defendant shall register to become an ECF User following the procedures outlined at the ECF web site if not already registered. If the defendant is a registered ECF User pursuant to Section II.D above, the answer shall be filed electronically.  If the defendant is unable to electronically file the answer or other responsive document, it may be filed non-electronically, and the defendant shall within ten days submit the answer or other responsive documents in electronic form (PDF format only), to an e-mail address for that purpose which may be found on the ECF web site,  for attachment to docket entries previously made by the Clerk's Office.

I.   **Electronic Filing:**

A.  Generally.  In any case subject to electronic filing, all documents required to be filed with the Clerk shall be filed electronically on the ECF web site, except as provided otherwise in Section VII or authorized otherwise by the court.

B.  Format.  Documents filed electronically must be submitted in the PDF format. Documents which the filer has in an electronic format must be converted to PDF from the word processing original, not scanned, to permit text searches and to facilitate transmission

and retrieval. Only documents of which the filer possesses only a paper copy may be scanned to convert them to PDF format. (See Section X. for rules governing the filing of documents with signatures not those of the e-filer.)

<u>C. Completion of Filing</u>. Electronic transmission of a document consistent with the procedures adopted by the court shall, upon the complete receipt of the same by the Clerk and together with the receipt of a Notice of Electronic Filing from the court, constitute filing of the document for all purposes of the Federal Rules of Civil and Criminal Procedure and the Local Rules of this Court, and shall constitute entry of that document onto the docket maintained by the Clerk pursuant to Federal Rules of Civil Procedure 58 and 79, and to Federal Rules of Criminal Procedure 49 and 55.

<u>D. Deadlines</u>. Filing documents electronically does not alter any filing deadlines. All electronic transmissions of documents must be completed (i.e., received completely by the Clerk's Office) prior to midnight in order to be considered timely filed that day. Where a specific time of day deadline is set by Court order or stipulation, the electronic filing shall be completed by that time. Although parties can file documents electronically 24 hours a day, attorneys and parties are strongly encouraged to file all documents during normal working hours of the Clerk's Office when assistance is available.

<u>E. Technical Failures</u>. The Clerk shall deem the ECF web site to be subject to a technical failure on a given day if the site is unable to accept filings continuously or intermittently over the course of any period of time greater than one hour after 12:00 noon that day, in which case filings due that day which were not filed due solely to such technical failures shall become due the next business day. Such delayed filings shall be accompanied by a declaration or affidavit attesting to the filing person's failed attempts to file electronically at least two times after 12:00 noon separated by at least one hour on each day of delay due to such technical failure. The initial point of contact for any practitioner experiencing difficulty filing a document into the ECF system shall be the toll-free number posted on the ECF web site.

<u>F. Docket</u>. The record of filings and entries created by the ECF system for each case shall constitute the docket.

<u>G. Courtesy Copies</u>. In all cases subject to ECF, in addition to filing papers electronically, the parties are required to lodge for chambers no later than noon on the business day following the day that the papers are filed electronically, one paper copy of each document that is filed electronically. These printed copies shall be marked "Chambers Copy" and shall be clearly marked with the judge's name, case number, and "Chambers Copy-Do Not File." The printed copies shall be delivered to the Clerk's Office. Parties shall not file a paper copy of any document with the Clerk's Office that has already been filed electronically.

**VII.   Manual Filing.**

A. Generally. Parties otherwise participating in ECF may be excused from filing a particular component electronically if it is not available in electronic format and it is not feasible for the filer to convert it to electronic format by scanning it. Such component shall not be filed electronically, but instead shall be manually filed with the Clerk of Court and served upon the parties in accordance with the applicable Federal Rules of Civil and Criminal Procedure and the Local Rules for filing and service of non-electronic documents. Parties manually filing a component shall file electronically a Manual Filing notification setting forth the reason(s) why the component cannot be filed electronically. Further information regarding the notification of the manual filing of a document can be found on the ECF web site.

1. Exhibits. Exhibits whose electronic original is not available to the filer and must therefore be scanned to PDF should be filed electronically only when the size of the document does not exceed the limit specified on the ECF web site. Scanning documents often produces files which are too large to be readily usable. Exhibits which are filed on paper because they are too large to scan should be represented in the electronic filing by a Notice of Manual Filing attached in place of the actual document.

B. Exclusions. Some types of documents shall only be filed conventionally and not electronically unless specifically authorized by the court. A list of documents to be filed manually may be found on the ECF web site.

VIII. Proposed Orders.

A. Generally. In addition to being filed, proposed orders in cases designated for e-filing shall be lodged with the court by being transmitted by electronic mail to the specific addresses for that purpose which may be found on the ECF web site.

B. Format. Documents transmitted pursuant to this section shall be submitted in an approved format, a list of which can be found on the ECF web site. When a proposed order accompanies a filing, a copy of the proposed order in PDF format should also be attached to its electronically filed document (e.g., stipulations and motions.)

IX. Service of Electronically Filed Documents.

A. Generally. Parties in cases subject to ECF shall make available electronic mail addresses for service. Upon the filing of a document by a party, an e-mail message will be automatically generated by the electronic filing system and sent to all parties in the case. Receipt of this message shall constitute service on the receiving party. In addition to receiving e-mail notifications of filing activity, the parties are strongly encouraged to check the docket in their case on the electronic filing system at regular intervals. A PACER account will be necessary to check the electronic docket.

**B. Parties in Cases Subject to ECF.** The automatic e-mail message generated by the ECF system and sent to all parties whose e-mail addresses have been registered in the case, as described in Section A. above, shall constitute service on the attorney or other persons in a case subject to ECF.

**C. Parties Who Have Not Registered as ECF Users.**

**1. Third Party Defendants.** Upon the filing of a third-party complaint in an action which is subject to ECF, the third-party plaintiff(s) shall serve notice upon the third-party defendant that the action is subject to ECF, and shall serve the ECF handout, received by the filer at the time of opening the case which contains information necessary for registration, together with the third-party complaint. The third-party defendant shall register to become an ECF User following the procedures outlined at the ECF web site if not already registered. If the third-party defendant is a registered ECF User pursuant to Section II.D above, the third-party answer shall be filed electronically. If the third-party defendant is unable to electronically file the answer or other responsive document, it may be filed non-electronically, and the defendant shall within ten days submit the answer or other responsive documents in electronic form (PDF format only), to an e-mail address for that purpose which may be found on the ECF web site, for attachment to docket entries previously made by the Clerk's Office.

**2. Others.** In an action subject to ECF, when service of a document other than a third-party complaint is required to be made upon a person who is not a registered ECF User, a paper copy of the document shall be served on the person (as otherwise required by the Federal Rules of Civil and Criminal Procedure or the Local Rules), along with a copy of the ECF handout received by the filer at the time of opening the case which contains information necessary for registration. If the person so served is permitted or required to respond to the document, such time to respond shall be computed without regard to ECF. The person shall register to become an ECF User following the procedures outlined at the ECF web site if not already registered. If the person is a registered ECF User pursuant to Section II.D above, the responsive document shall be filed electronically. If the defendant is unable to electronically file the responsive document, it may be filed non-electronically, and the defendant shall within ten days submit the responsive document in electronic form (PDF format only), to an e-mail address for that purpose which may be found on the ECF web site, for attachment to docket entries previously made by the Clerk's Office.

**D. Service of the Court's Orders.** Orders filed by the court in cases designated for electronic filing will be served only via the email Notice of Electronic Filing. No paper service will be made by the court.

X.    **Signatures.**

A document filed with the court electronically shall be deemed to be signed by a person (the "Signatory") when the document identifies the person as a Signatory and the filing complies with either subparagraph A or B. Any filing in accordance with any of these methods shall bind the Signatory as if the document were physically signed and filed, and shall function as the Signatory's signature, whether for purposes of Rule 11 of the Federal Rules of Civil Procedure, to attest to the truthfulness of an affidavit or declaration, or for any other purpose.

All orders, decrees, judgments, and proceedings of the court will be filed in accordance with these rules which will constitute entry on the docket kept by the clerk under Federal Rules of Civil Procedure 58 and 79 and Federal Rules of Criminal Procedure 49 and 55. All signed orders will be filed electronically by the court or court personnel. Any order filed electronically without the original signature of a judge has the same force and effect as if the judge had affixed the judge's signature to a paper copy of the order and it had been entered on the docket in a conventional manner.

A.  ECF Users. In the case of a Signatory who is an ECF User, such document shall be deemed signed, regardless of the existence of a physical signature on the document, provided that such document is filed using the User ID and Password of the Signatory.

B.  Others. In the case of a Signatory who is not an ECF User, or who is an ECF User but whose User ID and Password will not be utilized in the electronic filing of the document, as in the case of documents requiring multiple signatures, the filer of the document shall list thereon all the names of any other signatory or signatories. The filer shall attest that concurrence in the filing of the document has been obtained from each of the other signatories, or from the single signatory (in the case, e.g., of a declaration) which shall serve in lieu of their signature(s) on the document. The filer's attestation may be incorporated in the document itself, or take the form of a declaration to be attached to the document. The filer shall maintain records to support this concurrence for subsequent production for the court if so ordered or for inspection upon request by a party until one year after final resolution of the action (including appeal, if any). The filer may attach a scanned image of the signature page(s) of the document being electronically filed in lieu of maintaining the paper record for subsequent production if required.

C. Criminal Cases. Any document signed by a criminal defendant shall be scanned in its entirety to insure that an image of the defendant's signature is visible in the filing, notwithstanding the provisions of Section VI.B. Any document with multiple signatories in a criminal case shall be scanned in its entirety. Certain documents which may be used by other agencies shall be scanned in their entirety to include images of the signatures; a list of such documents will be found on the ECF web site.

XI.    **Record on Appeal.**

Until such time as the United States Courts of Appeals for the Ninth Circuit and the Federal Circuit institute rules and procedures to accommodate Electronic Case Filing, notices of appeal to those courts shall be filed, and fees paid, in the traditional manner on paper rather than electronically. All further documents relating to the appeal shall be filed and served in the traditional manner as well. Appellant's counsel shall provide paper copies of the documents that constitute the record on appeal to the District Court Clerk's Office.

## XII.    Access to Rules.

These policies, as well as operational guidelines and instructions, shall be posted on the ECF web site and may be published in official legal newspapers in this district. Any amendments to ECF procedures shall be similarly published.

ADOPTED:  12/15/98                        FOR THE COURT:
AMENDED: 1/16/01
AMENDED: 2/12/02
AMENDED: 4/8/03
AMENDED: 11/18/04                  /s/ Vaughn R Walker

                                            _____
                                            United States District Chief Judge

9

OFFICE OF THE CLERK
# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

RICHARD W. WIEKING
CLERK

280 SOUTH FIRST STREET
SAN JOSE, CA. 95113
408-535-5364

# NOTICE OF ELECTRONIC AVAILABILITY
# OF CASE FILE INFORMATION

The Office of the Clerk is now accepting many electronically filed documents and making the content of these documents available on the court's Internet website via PACER. Any subscriber to PACER will be able to read, download, store and print the full content of electronically filed documents. The Clerk's Office will not make electronically available documents that have been sealed or otherwise restricted by court order.

In response to the increased online accessibility of court documents, the judges of the Northern District recently adopted General Order No. 53, a copy of which is attached.

Counsel are strongly urged to share a copy of General Order No. 53 with all clients so that an informed decision about the inclusion, redaction and/or exclusion of certain materials may be made. It is the sole responsibility of counsel and the parties to be sure that all documents comply with General Order No. 53. The clerk will not review documents for redaction.

## GENERAL ORDER NO. 53

## PRIVACY

**A. Personal Identifiers.**

In compliance with the policy of the Judicial Conference of the United States and the E-Government Act of 2002 (PL 107-347), and in order to promote electronic access to case files while also protecting personal privacy and other legitimate interests, parties must refrain from including, or must redact where inclusion is necessary, the following personal data identifiers from all pleadings and other papers filed with the Court in civil actions, including exhibits thereto, whether filed electronically or in paper, unless otherwise ordered by the Court, pursuant to B., below.

 1. **Social Security numbers.** If an individual's social security number must be included in a pleading or other paper, only the last four digits of that number should be used.

 2. **Names of minor children.** If the involvement of a minor child must be mentioned, only the initials of that child should be used.

 3. **Dates of birth.** If an individual's date of birth must be included in a pleading or other paper, only the year should be used.

 4. **Financial account numbers.** If financial account numbers are relevant, only the last four digits of these numbers should be used.

**B. Filing.**

In compliance with the E-Government Act of 2002, a party wishing to file a document containing the personal data identifiers listed above may file an unredacted document under seal by following the procedures prescribed in Civil L.R. 79-5. This document shall be retained by the Court as part of the record. The party must file a redacted copy for the public file.

**C. Responsibility.**

The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk will not review each pleading or other paper for compliance with this general order.

ADOPTED BY THE COURT: May 21, 2002        FOR THE COURT:
AMENDED: April 15, 2003

 _/S/  Marilyn Hall Patel_____
Marilyn Hall Patel
Chief Judge

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR
# WAIVER OF SERVICE OF SUMMONS

TO:   (A) _____

as    (B) _____ of (C) _____

     A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.)
A copy of the complaint is attached to this notice. It has been filed in the United States District Court
for the (D) _____ Northern _____ District of _____ California _____

and has been assigned docket number (E) _____.

     This is not a formal summons or notification from the court, but rather my request that you sign and return the
enclosed waiver of service In order to save the cost of serving you with a judicial summons and an additional copy of the
complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) _____ days after the
date designated below as the date on which this Notice and Request Is sent. I enclose a stamped and addressed envelope
(or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

     If you comply with this request and return the signed waiver, It will be filed with the court and no summons will be
served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will
not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice
is sent (or before 90 days f rom that date if your address is not in any judicial district of the United States.)

     If you do not return the signed waiver within the time Indicated, I will take appropriate steps to effect formal service
in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask
the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that
connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set
forth at the foot of the waiver form.

     I affirm that this request Is being sent to you on behalf of the plaintiff, this _____ day of _____, _____.




                                    _____
                                    Signature of Plaintiff's Attorney
                                    Or Unrepresented Plaintiff

A - Name of Individual defendant (or name of officer or agent of corporate defendant)
B - Title, or other relationship of Individual to corporate defendant
C - Name of corporate defendant, If any
D - District
E - Docket number of action
F- Addressee must be given at least 30 days (60 days If located In foreign country) In which to return waiver

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

<div style="border:1px solid black; display:inline-block">Clear Form</div>

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _____ , acknowledge receipt of your request
                    (DEFENDANT NAME)

that I waive service of summons in the action of _____ ,
                                                          (CAPTION OF ACTION)

which is case number _____ in the United States District Court
                                  (DOCKET NUMBER)

for the Northern District of California.

I have also received a copy of the complaint in the action, two copies of this instrument, and a
means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this
lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process
in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or
to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the
service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting)
if an

answer or motion under Rule 12 is not served upon you within 60 days
after _____ ,
                              (DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.


_____          _____
          (DATE)                                      (SIGNATURE)

                              Printed/Typed Name: _____

                              As _____ of _____
                                          (TITLE)                    (CORPORATE DEFENDANT)

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons
and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States
to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and
return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought
in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives
service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later
object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff)
a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time,
a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had
been actually served when the request for waiver of service was received.

## INSTRUCTIONS FOR COMPLETION OF ADR FORMS
## REGARDING SELECTION OF AN ADR PROCESS
## (ADR LOCAL RULE 3-5)

Under ADR Local Rule 3-5, by the date set forth in the Initial Case Management Scheduling Order, counsel (and any self-represented party) shall meet and confer to attempt to agree on an ADR process.  By that date, counsel must file the attached form entitled "ADR CERTIFICATION BY PARTIES AND COUNSEL."  Please note that this form need not be filed jointly by all parties.  Instead, each party may file a separate ADR CERTIFICATION along with their counsel.

Additionally, counsel (and any self-represented party) must jointly file one of the following forms (attached) by the date set forth in the Initial Case Management Scheduling Order:

- If the parties have agreed to participate in non-binding arbitration, Early Neutral Evaluation ("ENE"), mediation or private ADR, they shall file the form captioned "STIPULATION AND [PROPOSED] ORDER SELECTING ADR PROCESS."

- If the parties either have not yet reached an agreement as to an ADR process or they would prefer to participate in an early settlement conference before a Magistrate Judge, they shall file the form captioned "NOTICE OF NEED FOR ADR PHONE CONFERENCE ."

Please note that parties selecting an early settlement conference with a Magistrate Judge are required to participate in an ADR Phone Conference

Rev. 12/05

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

_____,
            Plaintiff(s),

            v.

_____,
            Defendant(s).
_____/

CASE NO. _____

ADR CERTIFICATION BY PARTIES
AND COUNSEL

 

Pursuant to Civil L.R. 16-8(b) and ADR L.R. 3-5 (b), each of the undersigned certifies that he or she has:

**(1)** Read the handbook entitled *"Dispute Resolution Procedures in the Northern District of California"* on the Court's ADR Internet site www.adr.cand.uscourts.gov *(Limited printed copies are available from the clerk's office for parties in cases not subject to the court's Electronic Case Filing program (ECF) under General Order 45);*

**(2)** Discussed the available dispute resolution options provided by the Court and private entities; and

**(3)** Considered whether this case might benefit from any of the available dispute resolution options.

Dated:_____

_____
[Party]

Dated: _____

_____
[Counsel]

When filing this document in ECF, please be sure to use the ADR Docket Event entitled "ADR Certification (ADR L.R. 3-5b) of Discussion of ADR Options."

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

_____,
            Plaintiff(s),

    v.

_____,
            Defendant(s).

_____/

CASE NO. _____

STIPULATION AND [PROPOSED]
ORDER SELECTING ADR PROCESS

Counsel report that they have met and conferred regarding ADR and have reached the following stipulation pursuant to Civil L.R. 16-8 and ADR L.R. 3-5:

The parties agree to participate in the following ADR process:

**Court Processes:**
- ☐    Non-binding Arbitration (ADR L.R. 4)
- ☐    Early Neutral Evaluation (ENE)   (ADR L.R. 5)
- ☐    Mediation (ADR L.R. 6)

*(Note: Parties who believe that an early settlement conference with a Magistrate Judge is appreciably more likely to meet their needs than any other form of ADR must participate in an ADR phone conference and may not file this form. They must instead file a Notice of Need for ADR Phone Conference. See Civil Local Rule 16-8 and ADR L.R. 3-5)*

**Private Process:**
- ☐    Private ADR *(please identify process and provider)* _____

_____

The parties agree to hold the ADR session by:
- ☐    the presumptive deadline *(The deadline is 90 days from the date of the order referring the case to an ADR process unless otherwise ordered.)*

- ☐    other requested deadline _____

Dated:_____

                              _____
                              Attorney for Plaintiff

Dated:_____

                              _____
                              Attorney for Defendant

---

When filing this document in ECF, please be sure to use the appropriate ADR Docket Event, e.g., "Stipulation and Proposed Order Selecting Early Neutral Evaluation."

**[PROPOSED] ORDER**

Pursuant to the Stipulation above, the captioned matter is hereby referred to:
- ☐     Non-binding Arbitration
- ☐     Early Neutral Evaluation (ENE)
- ☐     Mediation
- ☐     Private ADR

Deadline for ADR session
- ☐     90 days from the date of this order.
- ☐     other _____

IT IS SO ORDERED.

Dated:_____

_____

UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

_____,
Plaintiff(s),

CASE NO. _____

v.

NOTICE OF NEED FOR ADR PHONE
CONFERENCE

_____,
Defendant(s).
_____/

Counsel report that they have met and conferred regarding ADR and that they:

☐    have not yet reached an agreement to an ADR process
☐    request an Early Settlement Conference with a Magistrate Judge

Date of Case Management Conference _____

The following counsel will participate in the ADR phone conference:

| Name | Party Representing | Phone No. | E-Mail Address |
|------|-------------------|-----------|----------------|
|      |                   |           |                |
|      |                   |           |                |
|      |                   |           |                |

_Civil Local Rule 16-8 and ADR Local Rule 3-5 require that lead trial counsel participate in a telephone conference with a member of the ADR Legal Staff before the Case Management Conference. The ADR Unit (adr@cand.uscourts.gov) will notify you of the date and time of your phone conference._

Dated:_____

_____
Attorney for Plaintiff

Dated:_____

_____
Attorney for Defendant

When filing this document in ECF, please be sure to use the ADR Docket Event entitled "Notice of Need for ADR Phone Conference (ADR L.R. 3-5 d)."

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ORDER OF THE CHIEF JUDGE

IN RE: ELECTRONIC FILING IN CASES WITH UNREPRESENTED PARTIES

When the Electronic Case Filing (ECF/e-filing) program was established for civil cases in January 2003 (see generally General Order 45), the court's practice was to exclude from the e-filing program cases in which any party was not represented by an attorney. Pursuant to Part III of General Order 45, the court's ECF webpage provided: "All cases involving pro se parties are excluded from the e-filing program and must be filed entirely in paper, unless otherwise ordered by the court."

Effective immediately, cases with unrepresented party litigants in which at least one party is represented by an attorney will no longer be excluded from the e-filing program. All *represented* parties will e-file their submissions to the court on the same basis as in cases not involving pro se litigants and in compliance with all parts of General Order 45. *Represented* parties will be required to serve paper copies by mail on *unrepresented* parties only. As before, unrepresented litigants will continue to file and serve all submissions to the court in paper form unless prior leave is obtained from the assigned judge in a particular case.

IT IS SO ORDERED.

Date:  May 11, 2007

Vaughn R Walker
United States District Chief Judge

1  ## PROOF OF SERVICE BY MAIL  ENDORSED FILED

2  I am employed in Santa Clara County, California. I am over the age of eighteen years

3  and not a party to the within-entitled action. My business address is 50 West San Fernando Street,

4  14th Floor, San Jose, California 95113.2303. I am readily familiar with this firm's practice for

5  collection and processing of correspondence for mailing with the United States Postal Service. On

6  October 10, 2007, I placed with this firm at the above address for deposit with the United States

7  Postal Service a true and correct copy of the within document(s):

8  NOTICE TO PLAINTIFF OF REMOVAL OF CIVIL ACTION TO
   FEDERAL COURT

9

10  in a sealed envelope, postage fully paid, addressed as follows:

11  Stanley G. Hilton, Esq.
    Law Offices of Stanley G. Hilton

12  580 California Street, Suite 500
    San Francisco, CA 94014

13

14  Following ordinary business practices, the envelope was sealed and placed for

15  collection and mailing on this date, and would, in the ordinary course of business, be deposited with

    the United States Postal Service on this date.

16

17  I declare under penalty of perjury under the laws of the State of California that the

    above is true and correct.

18

19  Executed on October 10, 2007, at San Jose, California.

20

21  _____
    Mary A. Jones

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

Firmwide:83240246.1 051770.1004