1  MICHELLE B. HEVERLY, Bar No. 178660
   E-Mail: mheverly@littler.com
2  TODD K. BOYER, Bar No. 203132
   E-Mail: tboyer@littler.com
3  LITTLER MENDELSON
   A Professional Corporation
4  50 West San Fernando Street, 14th Floor
   San Jose, CA  95113.2303
5  Telephone:   408.998.4150
   Facsimile:    408.288.5686
6
   Attorneys for Defendant
7  LOCKHEED MARTIN CORPORATION

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10
                          SAN JOSE DIVISION
11

12  EMILIO COLLADO,                    Case No.  C07 05190 JF

13           Plaintiff,                **DEFENDANT'S NOTICE OF MOTION
                                       AND MOTION TO DISMISS AND TO
14      v.                             STRIKE PURSUANT TO FED. R. CIV. P.
                                       12(b)6; 12(f); MEMORANDUM OF POINTS
15  LOCKHEED MARTIN, and DOES 1        AND AUTHORITIES**
    THROUGH 20, inclusive,
16
             Defendants.
17                                     Date: November 30, 2007
                                       Time: 9:00 a.m.
18                                     Judge: Hon. Jeremy Fogel
                                       Courtroom: 3, 5th Floor
19

20              **NOTICE OF MOTION AND MOTION**

21  TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

22          PLEASE TAKE NOTICE that on November 30, 2007, at 9:00 a.m., or as soon

23  thereafter as the matter may be heard in Courtroom 3, 5th Floor of the District Court of the Northern

24  District of California, located at 280 South First Street, San Jose, California, before the Honorable

25  Jeremy Fogel, Defendant Lockheed Martin Corporation "Lockheed Martin" will move to dismiss

26  Plaintiff's fifth cause of action for breach of the covenant of good faith and fair dealing, under

27  Federal Rule of Civil Procedure 12(b)(6). Additionally, Defendant moves under Federal Rule of

28  Civil Procedure 12(f), to strike portions of Plaintiff Emilio Collado's Complaint alleging race and

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113.2303
408.998.4150

1.
DEFENDANT'S NOT. OF MOTION AND MEM. OF P&AS ISO ITS TO DISMISS/STRIKE PLAINTIFF'S COMPLAINT

national origin discrimination and for an order striking all allegations of emotional distress from Plaintiff's third and fifth causes of action, for breach of contract and breach of an implied covenant, respectively. This Motion is based on this Notice, the Memorandum of Points and Authorities set forth below, the Request for Judicial Notice, and any oral argument that may be heard, and all pleadings and papers on file in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

#### A. Statement Of Issues To Be Decided

At issue before this Court are the following questions:

(1) Whether Plaintiff's fifth cause of action for breach of the covenant of good faith and fair dealing is superfluous and should be dismissed for failure to state a cognizable claim under Fed. R. Civ. P. 12(b)(6);

(2) Whether the allegations contained in Paragraphs 15, 22, and 53 of Plaintiff's Complaint alleging race, national origin and ethnicity discrimination, in violation of the Fair Employment and Housing Act "FEHA" should be striken on the ground that they are time-barred under California Government Code section 12965(b);

(3) Whether the allegations contained in Paragraphs 15, 22, and 53 of Plaintiff's Complaint alleging race, national origin and ethnicity discrimination, in violation of the FEHA should be stricken on the ground that Plaintiff fails to plead sufficient notice of the claims under Fed. R. Civ. P. 8(a)(2);

(4) Whether Plaintiff's claims for emotional distress contained in his third cause and fifth causes of action should be stricken on the ground that tort damages are not recoverable on contract based claims.

#### B. Summary Of Case

Plaintiff filed this action in the Superior Court for the State of California, County of Santa Clara on August 14, 2007. (See Defendant's Request for Judicial Notice, Ex. A.) The Complaint was served on Defendant on September 11, 2007 and Defendant removed this action on diversity grounds on October 10, 2007. Plaintiff alleged five causes of action: (1) a violation of

2.
DEFENDANT'S NOT. OF MOTION AND MEM. OF P&AS ISO ITS TO DISMISS/STRIKE PLAINTIFF'S COMPLAINT

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

FEHA for disability discrimination; (2) wrongful termination; (3) breach of contract; (4) intentional infliction of emotional distress, and; (5) beach of the covenant of good faith and fair dealing.

According to Plaintiff's Complaint, Plaintiff was employed from April 30, 2001, through January 12, 2006. (Plaintiff's Complaint, ¶ 3.) On August 14, 2006, Plaintiff filed dual charges with the California Department of Fair Employment and Housing "DFEH" and the Equal Employment Opportunity Commission "EEOC" alleging that he was discriminated and retaliated against on the basis of his disability. (See Defendant's Request for Judicial Notice, Ex. B.) Plaintiff received a right to sue letter on August 14, 2006 from the DFEH and filed his Complaint exactly one year later on August 14, 2007.

## II. ARGUMENT

### A. Plaintiff's Fourth Cause Of Action For Breach Of The Covenant Of Good Faith And Fair Dealing Should Be Dismissed.

#### 1. Legal Standard For A Motion To Dismiss Under Fed. R. Civ. P. 12(b)(6).

Rule 12(b)(6) "permits challenges to the legal sufficiency of the opposing party's pleadings" and authorizes a court to dismiss a claim on the basis of a dispositive issue of law. Qwest Communications Corp. v. City of Berkeley, 208 F.R.D. 288, 291 (N.D. Cal. 2002). "Under [Rule 12(b)(6)], a court must determine whether the facts alleged in the complaint, to be taken for these purposes as true, entitle the plaintiff to a legal remedy. If the complaint fails to articulate a legally sufficient claim, the complaint should be dismissed or judgment granted on the pleadings." Strigliabotti v. Franklin Resources, Inc., 398 F. Supp.2d 1094, 1097 (N.D. Cal. 2005) (discussing the standards under Rule 12(b)(6) and Rule 12(c)). A court may take judicial notice of matters of public record in ruling on a motion to dismiss. MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986); Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986) (abrogated on other grounds by Astoria Federal Savings and Loan Ass'n. v. Solimino, 501 U.S. 104, (1991)) (court may properly consider matters of public record, including filings in administrative bodies).

Dismissal is proper under Rule 12(b)(6) where there exists no cognizable legal theory or where there is an absence of sufficient facts alleged to support a cognizable legal theory. Navarro

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Thus, the Court should grant a motion to dismiss when a set of facts pled in the complaint, if true, would not entitle the plaintiff to relief. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990) (motion to dismiss warranted when there is an "absence of sufficient facts alleged under a cognizable legal theory.") Alternatively, the complaint or a cause of action should be dismissed where the plaintiff's allegations disclose an absolute defense or bar to the claim. Weisbuch v. County of Los Angeles, 119 F.3d 778, 783 (9th Cir. 1997); Jablon v. Dean Wittier & Co., 614 F.2d 677, 682 (9th Cir. 1980) (dismissal proper where complaint allegations indicated claim barred by statute of limitations).

### 2. Plaintiff's Fourth Cause Of Action For Breach Of The Covenant Of Good Faith And Fair Dealing Is Duplicative Of His Breach Of Contract Claim And Therefore Superfluous.

In his Complaint, Plaintiff makes duplicative contract based claims. Specifically, in his third cause of action Plaintiff alleges that Defendant breached his employment agreement by terminating his employment based on "trumped up charges." (Complaint, ¶¶ 33, 34.) Likewise, in his fifth cause of action, Plaintiff alleges that Defendant breached the implied covenant of good faith and fair dealing contained in the alleged employment contract by, among other things, terminating his employment and "intend[ing] to deprive Plaintiff of the benefits of the employment relationship." (Comp., ¶ 53). Plaintiff's breach of contract and breach of the implied covenant claims are thus both based upon the same underlying factual allegations that Defendant wronged him by "trumping up" "false allegations," and wrongfully terminating his employment. (Comp., ¶ 53). Moreover, Plaintiff is seeking – on both the breach of contract claim and the breach of the covenant of good faith and fair dealing claim – an alleged "loss in earnings, income earning potential, and other career benefits," which Plaintiff claims he suffered as a result of Defendant's alleged breach. (Comp., ¶¶ 38, 55). However, where as here:

> [the] allegations [contained in an implied covenant claim] do not go beyond the statement of a mere contract breach, and relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated. Thus, absent those limited cases where a breach of a consensual contract term is not claimed or alleged, the only justification for asserting a separate cause of action for breach of the implied covenant is to obtain a tort recovery.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

Careau & Co. Security Pacific Business Credit, Inc., 222 Cal.App.3d 1371, 1395 (1990). Accordingly, dismissal of Plaintiff's fifth cause of action with prejudice is proper. Id.

This reasoning has been repeatedly recognized by the courts and was most recently affirmed by the California Supreme Court in Guz v. Bechtel National, Inc., 24 Cal.4th 317 (2000), in which the Court expressly limited the ability of a plaintiff to assert a claim for breach of the implied covenant of good faith and fair dealing in the employment context. Specifically, the Court held that a plaintiff may not recover on such a claim for the alleged breach of obligations not contained in the underlying contract because "the covenant of good faith and fair dealing . . . exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made." Id., at 349 (emphasis in original). As stated by the Court, "to the extent the implied covenant claim seeks to invoke terms which the parties did agree, it is superfluous." Id., at 352 (emphasis in original).

As Plaintiff's implied covenant claim is identical to his breach of contract claim in every material respect, Plaintiff's implied covenant claim is superfluous, does not constitute a valid cause of action as a matter of law, and should be dismissed. See Guz, 24 Cal.4th at 352; see also Bionghi v. Metropolitan Water Dist., 70 Cal.App.4th 1358, 1370 (1999); Aragon-Haas v. Family Security Ins. Services, Inc., 231 Cal.App.3d 232, 240 (1991). Accordingly, Defendant's motion to dismiss Plaintiff's fifth cause of action should be granted without leave to amend.

B. **Unsupported And Immaterial Allegations In Paragraphs 15, 22 And 53 Of Plaintiff's Complaint Should Be Stricken.**

1. **Legal Standard For A Motion To Strike Under Fed. R. Civ. P. 12(f).**

Federal Rule of Civil Procedure 12(f) allows the Court to strike any "redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). Such a motion is correctly granted when the allegations subject to the motion "could have no possible bearing on the subject matter of the litigation." LeDuc v. Kentucky Central Life Ins. Co., 814 F.Supp.820, 830 (N.D. Cal. 1992). Allegations are "immaterial" or "impertinent" when they have no bearing on the issue in the action or could not be used as evidence. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir.

1993) (rev'd on other grounds 510 U.S. 517, 534-535). "The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). The purpose of striking such allegations is to streamline resolution of the matter and limit issues for trial; the moving party need not show prejudice resulting from the allegations. Id.; California v. United States, 512 F.Supp. 36, 38 (N.D. Cal. 1981). When allegations fail to be necessary to the cause of action alleged, and do nothing more than attempt to cast defendant in an unfavorable light, a motion to strike is proper. See, e.g., S. K. Wellman Co. v Mechanics Educational Soc., 9 F.R.D 206 (N.D. Ohio 1949).

### 2. Plaintiff's Allegations That He Was Discriminated Against On The Basis Of Race, National Origin Or Ethnicity Should Be Stricken Because He Failed To Timely Exhaust His Administrative Remedies.

In Paragraphs 15, 22, and 53 of his Complaint, Plaintiff alleges that he was treated unlawfully because of Defendant's discriminatory attitude toward his "disability, race, national origin, etc." and because of his "ethnicity." (Comp., ¶¶ 15, 22, 53.) In addition, in Paragraphs 22 and 34 of his Complaint, Plaintiff alleges that he was harassed and subjected to a "hostile work environment." (Comp., ¶¶ 22, 34.) Significantly, however, although Plaintiff claims he was disabled because of his "mental disorder," he makes no allegations in his complaint indicating of what race, national origin or ethnicity he might be; nor does he indicate upon what basis he might have been harassed. (Comp., ¶ 11.) Likewise, Plaintiff's DFEH charge fails to identify his race/national origin and does not state that the was discriminated against on the basis of these categories. (See Defendant's Request for Judicial Notice, Ex. B.)

The exhaustion of administrative remedies with the California Department of Fair Employment and Housing ("DFEH") is required before a plaintiff can initiate a civil action alleging violation of the FEHA. Rojo v. Kliger, 52 Cal.3d 65, 72 (1990); Romano v. Rockwell International Inc., 14 Cal.4th 479, 492 (1996); Martin v. Lockheed Missiles & Space Co., 29 Cal.App.4th 1718, 1728 (1994). Where administrative remedies are not properly exhausted, the courts lack jurisdiction over FEHA based claims. Martin, 29 Cal.App.4th at 1724; Valdez v. City of Los Angeles, 231 Cal.App.3d 1043, 1052 (1991). Similarly, the court lacks subject matter jurisdiction over any claims

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

6.
DEFENDANT'S NOT. OF MOTION AND MEM. OF P&AS ISO ITS TO DISMISS/STRIKE PLAINTIFF'S COMPLAINT

in Plaintiff's Complaint which were not contained in the EEOC charge. See <u>Rush v. McDonald's Corp.</u>, 966 F.2d 1104, 1110 (7th Cir. 1992); <u>Babrocky v. Jewel Food Co.</u>, 773 F.2d 857, 863 (7th Cir. 1985); <u>Verzosa v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 589 F.2d 974, 976 (9th Cir. 1978).

More specifically, a plaintiff in a FEHA action must have previously filed an administrative charge of discrimination with the DFEH *as to each claim alleged in his lawsuit.* <u>Valdez</u>, 231 Cal. App. 3d at 1052; Cal. Gov't Code § 12965(b). Where the plaintiff fails to set forth a particular type of discrimination claim in the caption or the body of his DFEH charge, the plaintiff is thereafter barred from pursing that discrimination cause of action in a subsequent civil action under the FEHA. <u>Okoli v. Lockheed Technical Operations Co.</u>, 36 Cal.App.4th 1607, 1609, 1617 (1995). Indeed, the more specific the original charge filed with the DFEH, the less likely a court action predicated on that DFEH charge can be expanded to include other protected classifications. <u>Id.</u>, at 1617; see also <u>Hovanec v. Van Nuys Airport Restaurant Corp.</u>, 76 Cal.App.4th 879, 889-90 (1999) (plaintiff's allegations of disability discrimination in administrative claim filed with DFEH did not allow her to later assert a civil action for sexual discrimination/retaliation).

Here, Plaintiff filed an administrative charge with the DFEH and EEOC alleging only disability discrimination and retaliation. (See Req. for Jud. Notice, Ex. B.) He did not allege in either the caption or body of the charge any complaints of national origin or race discrimination or harassment, nor did Plaintiff allege any facts that might support a claim of national origin or race harassment or discrimination. (<u>Id</u>.) For this reason, the Court lacks subject matter jurisdiction over his current claims. <u>Verzosa, supra</u>, 589 F.2d at 976.

Plaintiff cannot amend his Complaint to cure this defect because the statute of limitations on such claims has run. Timely exhaustion of the administrative remedy occurs where a plaintiff files a complaint with the DFEH within one year from the date upon which the alleged unlawful practice occurred. Cal. Govt. Code § 12960. Since Plaintiff's last date of employment (thus, last possible harassing or discriminatory conduct) was, according to Plaintiff's own Complaint, January 12, 2006. The deadline to file a charge and thus exhaust his administrative remedies on his race, national origin or ethnicity discrimination/harassment claims thus ran well over

7.
**DEFENDANT'S NOT. OF MOTION AND MEM. OF P&AS ISO ITS TO DISMISS/STRIKE PLAINTIFF'S COMPLAINT**

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

nine months ago. Accordingly, as Plaintiff failed to properly exhaust his administrative remedies as to those issues, Defendant is entitled to have all references to national origin, ethnicity or race discrimination or harassment stricken from Paragraphs 15, 22, and 53 under Fed. R. Civ. P. 12(f) on the grounds that these allegations are immaterial and redundant. Fantasy, Inc. v Fogerty, 984 F.2d 1524, 1527-1528 (9th Cir. 1993) (claims barred by statute of limitations properly struck by court under Rule 12(f)); Delaware Coach Co. v Savage, 68 F.Supp. 175, 177 (D.C. Del. 1945) (If portion of complaint is insufficient in law, it is redundant under Rule 12(f).)

### 3. Alternatively, Plaintiff's National Origin, Ethnicity And Race Discrimination And Harassment Claims Should Be Stricken As Plaintiff Has Failed To Plead Sufficient Notice Of The Claims.

The Court should also strike the allegations of race, ethnicity and national origin discrimination/harassment contained in Paragraphs 15, 22, 34 and 53 on the grounds that Plaintiff has failed to provide Defendant with any notice as to the particular factual allegations upon which he bases these claims. Plaintiff's race, ethnicity and national origin discrimination and harassment allegations are nothing but conclusory statements. In Paragraph 15, Plaintiff alleges that "The defendant had no reason to fire plaintiff and did so because of discriminatory attitudes by defendant as to plaintiff's disability, race, national origin, etc." (Comp., ¶ 15.) Similarly, in Paragraph 22, Plaintiff alleges that "...defendants wrongfully terminated plaintiff from his job in violation of public policy in the state of California by harassing him because he is ethnic and disabled." (Comp., ¶ 22.) Likewise in Paragraph 34, Plaintiff contends that his contract was breached when Defendant "created a hostile work environment...." (Comp., ¶ 34.) Finally, in Paragraph 53, Plaintiff alleges that "defendant wrongfully discharged plaintiff because of reasons of discrimination against plaintiff's disability and ethnic background." (Comp., ¶ 53.) These four paragraphs are the only paragraphs in Plaintiff's Complaint which mention race, ethnicity or national origin discrimination or harassment and there is not a single fact pled to support these claims.

The law is clear that Plaintiff must give Defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). For example, in Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002), the Supreme Court held that the petitioner's complaint satisfied the pleading requirements of Fed. R. Civ. P. 8(a)(2) because it gave

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

**DEFENDANT'S NOT. OF MOTION AND MEM. OF P&AS ISO ITS TO DISMISS/STRIKE PLAINTIFF'S COMPLAINT**

the defendant fair notice of the basis for the petitioner's claims, such as the statutory grounds for the claim, the events leading to the plaintiff's termination, the relevant dates, and the ages and nationalities of some of the persons involved with the discharge. Id., at 514. Applying the Swierkiewicz standard, a discrimination and harassment complaint was dismissed in Lewis v. Bayer Corp., F.Supp.2d, 2004 WL 2196540 (N.D. Cal. 2004), because the plaintiff, much like Collado here, merely asserted that she was an African American woman, was subjected to a hostile and abusive work environment based on her race and gender, and was discharged due to her race and gender. Id., 2004 WL 2196540 at 1, 3. Here, Plaintiff's mere assertion that he was discriminated against and/or harassed on the basis of his race, national origin discrimination and "etc.," is insufficient notice of the claim under Fed. R. Civ. P. 8(a)(2). Here, the allegations of race and national origin discrimination and harassment allegations are merely asserted to cast defendant in negative light and have no basis in fact. Thus, they should be stricken under Rule 12(f). See K. Wellman Co., 9 F.R.D 206. Moreover, these allegations do not meet the "fair notice" requirement of Fed. R. Civ. P. 8(a)(2). Accordingly, Defendant respectfully requests that Plaintiff's national origin and race discrimination and harassment allegations be stricken from his Complaint pursuant to Fed. R. Civ. P. 12(f).

### 4. Plaintiff's Claims For Emotional Distress Damages Related To His Breach of Contract Claims Should be Stricken As A Plaintiff Cannot Recover Tort Damages Under A Contract Theory.

In his third cause of action for breach of contract and his fifth cause of action for breach of the implied covenant of good faith and fair dealing, Plaintiff claims to have "suffered pain and suffering, emotional stress, anxiety and depression." (Comp., ¶¶ 38, 55.) As a result, Plaintiff claims he is entitled to "special and general pain and suffering damages" as a result of the alleged breach of contract. Id. Such allegations are legally impermissible because California law prohibits recovery of such tort damages for employment based contract claims. Foley v. Interactive Data Corp., 47 Cal.3d 654 (1988). The Foley Court critically analyzed the issue of whether tort damages, such as emotional distress, were recoverable under breach of contract or implied covenant theories and held:

. . . tort remedies are not available for breach of the implied covenant

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

in an employment contract to employees who allege they have been discharged in violation of the covenant.

Foley, 47 Cal.3d at 700. Accordingly, as Plaintiff cannot lawfully seek emotional distress damages under a breach of contract or implied covenant theory, Defendant requests the Court strike Plaintiff's prayer for emotional distress damages related to his breach of contract and breach of the implied covenant of good faith and fair dealing, as contained in Paragraphs 38 and 55 of the Complaint.

### III.  CONCLUSION

For the foregoing reasons, Defendant Lockheed Martin respectfully requests that its motion to dismiss Plaintiff's Fifth Cause of Action for breach of the covenant of good faith and fair dealing pursuant to Rule 12(b)(6) be granted. Defendant also requests that its Rule 12(f) motion to strike Plaintiff's race and national origin discrimination claims from his Complaint and his claim for emotional distress damages as a result of his breach of contract claim and breach of the covenant of good faith and fair dealing be granted.

Dated:   October 15, 2007

/s/ Todd K. Boyer
MICHELLE B. HEVERLY
TODD K. BOYER
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
LOCKHEED MARTIN CORPORATION

Firmwide:83242409.1 051770.1004