1  MICHELLE B. HEVERLY, Bar No. 178660
   E-Mail: mheverly@littler.com
2  TODD K. BOYER, Bar No. 203132
   E-Mail: tboyer@littler.com
3  LITTLER MENDELSON
   A Professional Corporation
4  50 West San Fernando Street, 14th Floor
   San Jose, CA 95113.2303
5  Telephone:  408.998.4150
   Facsimile:  408.288.5686
6
   Attorneys for Defendant
7  LOCKHEED MARTIN CORPORATION

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12  EMILIO COLLADO,                    Case No.  C07 05190 JF

          Plaintiff,            **DEFENDANT'S REQUEST FOR**
13                              **JUDICIAL NOTICE IN SUPPORT OF ITS**
                                **MOTION TO DISMISS PURSUANT TO**
14       v.                     **FED. R. CIV. P. 12(b)6; 12(f)**

15  LOCKHEED MARTIN, and DOES 1
    THROUGH 20, inclusive,
16
          Defendants.           Date:  November 30, 2007
17                              Time:  9:00 a.m.
                                Judge:  Hon. Jeremy Fogel
18                              Dept:  3, 5th Floor

19

20       Defendant Lockheed Martin Corporation ("Lockheed Martin") hereby requests the

21  Court to take judicial notice pursuant to Federal Rule of Evidence 201; United States v. Wilson, 631

22  F.2d 118, 119 (9th Cir. 1980) (a court may take judicial notice of its own records, as well as the

23  records of inferior courts in other cases); Silicon Valley Bank v. New Hampshire Insurance Co., 203

24  F. Supp. 2d 1152, 1155 (C.D. Cal. 2002) (granting request that court take judicial notice of

25  documents previously filed with the court); Mack v. South Bay Beer Distributors, Inc., 798 F.2d

26  1279, 1282 (9th Cir. 1986) (abrogated on other grounds by Astoria Federal Savings and Loan Ass'n.

27  v. Solimino, 501 U.S. 104, (1991)) (court may properly consider matters of public record, including

28  filings in administrative bodies) of the following facts:

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408.998.4150

1.

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS

1         1.      On August 14, 2007, Plaintiff Emilio Collado filed his Complaint with the

2 Superior Court of the State of California, County of Santa Clara. Defendant thereafter removed this

3 action to this Court on October 10, 2007. A copy of Plaintiff's Summons and Complaint is attached

4 hereto as Exhibit "A."

5         2.      On or about August 14, 2006, Plaintiff filed dual discrimination charges with

6 the Equal Employment Opportunity Commission "EEOC" and the Department of Fair Employment

7 and Housing "DFEH." A copy of these charges and associated documentation is attached hereto as

8 Exhibit "B."

9

Dated:    October 15, 2007

10

11                                 /s/  Todd K. Boyer

                               MICHELLE B. HEVERLY

12                              TODD K. BOYER

                              LITTLER MENDELSON

13                              A Professional Corporation

                              Attorneys for Defendant

14                              LOCKHEED MARTIN CORPORATION

15

Firmwide:83266031.1 051770.1004
16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS

EXHIBIT A

1 | STANLEY G. HILTON, BAR NO. 65990
LAW OFFICES OF STANLEY G. HILTON
2 | 580 CALIFORNIA ST., SUITE 500
SAN FRANCISCOL CA 94104
3 | Tel: (415) 786-4821
FAX 415 439 4963
4 | E MAIL: LOUCASLOUKAS@YAHOO.COM

5 | Attorney for Plaintiff
EMILIO COLLADO

SUPERIOR COURT OF CALIFORNIA,

SANTA CLARA COUNTY, UNLIMITED JURISDICTION

EMILIO COLLADO,                              )   No.   1 0 7 C V 0 9 2 0 6 1
                                             )
        Plaintiff,                           )   COMPLAINT FOR MONETARY
                                             )   DAMAGES
        vs.                                  )
                                             )
LOCKHEED MARTIN and DOES 1                   )   JURY TRIAL DEMANDED
THROUGH 20, inclusive,                       )
                                             )
        Defendants.                          )
                                             )

## INTRODUCTORY ALLEGATIONS

1.      Plaintiff, EMILIO COLLADO, is a citizen of the City of ~~Santa Clara~~ San Jose SH, California, County of Santa Clara, and a Hispanic male who at all times herein mentioned resides in the City of Santa Clara, California, in Santa Clara County, California.

2.      Defendant, LOCKHEED MARTIN (hereinafter "Lockheed") is a business located at Sunnyvale, California.

3.      Plaintiff was an employee of defendant from on or about April 30, 2001, to on or about January 12, 2006.

4.      Defendants are individuals, corporations and businesses located in the County of Santa Clara and are licensed to do business here.

1

Complaint

1     5.      Plaintiff is ignorant of the true names and capacities of defendants sued herein

2 as does one through twenty, inclusive, and therefore sues these defendants by such fictitious

3 names. Plaintiff will amend this complaint to allege their true names and capacities when

4 ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously

5 named defendants is responsible in some manner for the occurrences herein alleged, and that

6 plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

7     6.      Plaintiff is informed and believes and thereon alleges that at all times herein

8 mentioned each of the defendants was the agent and employee of each of the remaining

9 defendants and, in doing the things hereinafter alleged, was acting within the course and scope of

10 such agency and employment.

11     7.      The unlawful business practice complained of herein occurred in Santa Clara

12 County, in Sunnyvale, California.

13 **FIRST CAUSE OF ACTION:**

14 VIOLATION OF CALIFORNIA GOVERNMENT CODE §§ 12940 THROUGH 12997

15 (DISCRIMINATION) ~~BASED ON DISABILITY AND/OR MENTAL DISORDER IN VIOLATION~~ *SM*

16 A VIOLATION OF CALIF. FAIR EMPLOYMENT AND HOUSING ACT ("FEHA").

17     8.      The allegations of paragraphs 1 through 7 are realleged and incorporated herein

18 by reference. This cause of action is pled against each and every defendant.

19     9.      Defendants employed plaintiff from on or about April 30, 2001, to on or about

20 January 12, 2006, when plaintiff was fired without just cause, and pretextually, because of his

21 mental disability, bipolar disorder.

22     10.     Defendant hired plaintiff to perform certain tasks in its company, at Sunnyvale,

23 California. Plaintiff was promised career opportunities and paths and was promised a great

24 career.

25     11.     On or about December 1, 2004, defendants began to discriminate against *mental disorder SM*

26 plaintiff because of his handicap, medical condition (bipolar). Defendant became aware of this

27 condition on or about December 1, 2004.

28

Complaint

1   12.   On or about December 1, 2004, plaintiff's supervisor, Francis Seidl, pried into

2   his medical history and learned he suffered from bipolar disorder.

3   13.   On or about October 2005 defendant placed plaintiff on a PIP (performance

4   improvement plan); on November 30, 2005 defendant suspended plaintiff and on January 12,

5   2006, defendant fired plaintiff. On or about January 12, 2006, defendant terminated plaintiff's

6   employment, for discriminatory Reasons, and without just cause.

7   14.   Defendants concocted false accusations against plaintiff, accusing him of

8   insubordination, making threats etc., as a pretext for firing him.

9   15.   The defendant had no reason to fire plaintiff and did so because of

10   discriminatory attitudes by defendant as to plaintiff's disability, race, national origin, etc.

11   16.   As a proximate result of said firing plaintiff suffered loss of income and benefits,

12   and severe damage to his reputation, in addition to lost income, and plaintiff has suffered the

13   loss of matching funds to his 401-K Plan which would have been contributed by defendant in the

14   form of shares of Lockheed-Martin stock and employee stock options, and other mutual funds

15   and other funds.

16   17.   As a proximate result of defendants' conduct as explained above, plaintiff has

17   been damaged financially and emotionally, suffered pain and suffering, emotional distress,

18   incurred medical costs, has lost income and other benefits, health insurance, life insurance,

19   pension plan, 401(k) plan etc., has suffered depression and anxiety, and has incurred great

20   expenses, and other health, employment and career benefits, as well as lost potential income

21   earning ability, all to his detriment in a sum according to proof. The actions of defendants

22   described in paragraphs 1 through 10, supra, constitute a violation of the FEHA, Cal.

23   Government Code §12940, et seq.

24   18.   The foregoing conduct of defendants, and each of them, was at all material times

25   malicious, oppressive, discriminatory and intentional and entitles plaintiff to an award of punitive

26   damages. Also plaintiff requests an award of attorney fees under FEHA.

27   19.   Plaintiff filed a timely complaint of discrimination with DFEH and in 2006 was

28

3

Complaint

1  given a right to sue letter giving him until August 14, 2007, to file this case in court, thus

2  exhausting his administrative remedies.  This action is timely brought within the time allowed by

3  DFEH.

4       20.    Plaintiff is entitled to an award of attorney fees under the FEHA statute, as the

5  prevailing party. (Sec. 12965(b), Cal. Government. Code)

6       WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as

7  hereinafter set forth.

8  **SECOND CAUSE OF ACTION**

9  (WRONGFUL TERMINATION)

10       21.    The allegations of paragraphs 1 through 20 are realleged and incorporated herein

11  by reference.  This cause of action is pled against each and every defendant.

12       22.    On or about January 12, 2006, defendants wrongfully  terminated plaintiff from

13  his job in violation of public policy in the state of California by harassing him because he is

14  ethnic and disabled. This harassment violated California public policy  which condemns

15  discrimination based on race, color, national origin, ethnicity.  Manager of defendant cooked up

16  and fabricated false charges against plaintiff.  This was a pretext for breach of contract and

17  wrongful termination.

18       23.    The above described actions by defendants, as described in the first cause of

19  action, _supra_, was done by defendants and each of them with the intent of harming the plaintiff to

20  his detriment.

21       24.    Plaintiff had vested employment rights because of his long term of association

22  with defendants.  The defendants' wrongful termination of his violates public policy.

23       25.    As a proximate result of defendants' conduct as explained above, plaintiff has

24  been damaged financially and emotionally, has suffered pain, has lost  income and other benefits,

25  has suffered depression, and has incurred great expenses, and other health, employment and

26  career benefits, as well as lost potential income earning ability, all to his detriment in a sum

27  according to proof.

28

4

Complaint

26.     The foregoing conduct of defendants, and each of them, was at all material times malicious and intentional and done with reckless disregard to plaintiff's safety and interests and rights and entitles plaintiff to an award of punitive damages.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as hereinafter set forth.

### THIRD CAUSE OF ACTION

(BREACH OF CONTRACT) 

27.     The allegations of paragraphs 1 through 26 are realleged and incorporated herein by reference.  This cause of action is pled against each and every defendant.

28.     Plaintiff contracted with defendants and each of them, on or about 2001, as an employee with promises of regular increases for Cost of Living Adjustments (hereinafter "COLA") and merit reasons.

29.     Plaintiff was associated with defendant for 4 years, consistently received good to excellent performance evaluations and merit raises, was assured on numerous occasions that he would not be terminated arbitrarily and relied on the provisions of the personnel manual regarding the causes for which an employee could be discharged to conclude that plaintiff and defendant had entered into an implied contract that plaintiff would not be discharged unless there was good cause to do so.

30.     During the entire course of plaintiff's contract with defendants, and each of them, there existed an express and implied-in-fact contract, both written and oral contract, between plaintiff and defendants which included, but was not limited to, the following terms and conditions:

a.     Plaintiff would be able to continue his association with defendants indefinitely so long as he carried out his duties in a proper and competent manner and would be paid $52,000/year plus regular COLA and merit increases and bonuses;

b.     Plaintiff would not be harassed, demoted, discharged or otherwise disciplined nor would plaintiff's job functions be reassigned for other than good cause with notice

5

Complaint

1   thereof;

2           c.      Defendants would not evaluate plaintiff's performance in an arbitrary,

3   untrue or capricious manner;

4           d.      If grievances or complaints were lodged regarding plaintiff's performance,

5   he would be given written notice and a meaningful opportunity to respond and/or improve..

6       31.     Plaintiff's total contract was evidenced by various written documents, oral

7   representations to plaintiff by defendants' agents and employees, and the parties' entire course of

8   conduct.

9       32.     Plaintiff at all times fulfilled his duties, obligations and conditions under the

10  contract and has been ready, willing and able to continue performing them in a competent and

11  satisfactory manner.

12      33.     Defendants materially breached said contract by summarily terminated by

13  defendants on or about 2006, without cause on a bogus pretext.  This wrongful termination

14  violates the salary terms and conditions of the contract.

15      34.     Defendants also materially breached said contract by creating trumped up

16  charges which had no basis in fact.  These baseless charges demeaned plaintiff and otherwise

17  created a hostile work environment in an effort to induce plaintiff to quit.

18      35.     Plaintiff's reliance on and belief in and acceptance on good faith of all the

19  assurances, promises and representations as listed in the foregoing paragraphs, led plaintiff

20  throughout his association with defendants to reasonably believe that his relationship was secure

21  and that thereby existed a contract of continuous association with defendants and each of them.

22  As independent consideration for this contract of continuous association, and as evidence of

23  plaintiff's reliance thereon, at the time he began working for defendants, plaintiff gave up secure

24  opportunities or employment with other employers and gave up other career options to accept

25  association with defendants.  As further independent consideration, in addition to performing his

26  regular duties as an employee of defendants, plaintiff refrained from seeking any other

27  employment or opportunities and from time to time turned down, gave up, and refrained from

28

Complaint

1  pursuing other career opportunities, while associated by defendants.

2      36.    Plaintiff undertook and continued association with defendants and duly

3  performed all the conditions of the contract to be performed by him. Plaintiff has at all times

4  been ready, willing and able to perform and has offered to perform all the conditions of this

5  contract to be performed by him.

6      37.    Defendants further materially breached the aforementioned employment contract

7  by engaging in a course of conduct with the intent and effect of making plaintiff's work

8  environment burdensome and oppressive in an effort to induce plaintiff to resign.

9      38.    As a proximate result of defendants' breach of the total employment contract,

10  plaintiff has suffered and continues to suffer  losses in earnings, income earning potential, and

11  other career benefits which he would have received had defendants not breached said agreement,

12  all to his damage in an amount according to proof. He also suffered pain and suffering, emotional

13  stress, anxiety and depression, and is entitled to special and general pain and suffering damages

14  therefore.

15      WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as

16  hereinafter set forth.

17              **FOURTH CAUSE OF ACTION**

18          (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

19      39.    The allegations of paragraphs 1 through 38 are realleged and incorporated herein

20  by reference. This cause of action is pled against each and every defendant.

21      40.    On or about 2005 through 2006, defendants' managers and officers engaged in

22  outrageous conduct by imposing a very hostile work environment on him. The defendants began

23  documenting imaginary instances of problems and constantly accusing plaintiff of misconduct

24  without justification.

25      41.    This was nothing more than an attempt to humiliate plaintiff and cause him great

26  emotional distress.

27      42.    On 2006, defendants conspired against plaintiff and fired plaintiff in an

28

                              7

Complaint

1   outrageous manner designed to humiliate and embarrass him, and without any justification.

2         43.    The above-described intentional acts constituted outrageous behavior which

3   caused plaintiff severe emotional distress. The defendants' conduct was outrageous, intentional

4   and malicious and done for the purpose of causing plaintiff to suffer humiliation, mental anguish,

5   and emotional and physical distress. The defendants' conduct was done with a wanton and

6   reckless disregard of the consequences to plaintiff's safety and interests.

7         44.    As a proximate result of the aforementioned acts of the defendants, and each of

8   them, plaintiff has suffered and continues to suffer humiliation, mental anguish, and emotional

9   and physical distress and has been injured in mind and body in an amount according to proof.

10   Plaintiff's emotional injuries include anxiety, phobias, stress, and fear of harassment and verbal

11   abuse.

12         45.    By reason of the aforementioned acts of the defendants and each of them,

13   plaintiff was prevented from attending to his usual occupation and therefore is entitled to

14   damages for lost income and benefits, as hereinabove alleged, according to proof.

15         46.    The aforementioned acts of defendants, and each of them, were willful, wanton,

16   malicious and oppressive, and justify the awarding of exemplary and punitive damages in an

17   amount according to proof, in excess of the jurisdictional minimum of this court.

18         47.    By the above conduct, which was outrageous, defendants and each of them

19   inflicted emotional distress upon the plaintiff.

20         WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as

21   hereinafter set forth.

22                        **FIFTH CAUSE OF ACTION**

23              (BREACH OF IMPLIED COVENANT OF GOOD FAITH

24                        AND FAIR DEALING)

25         48.    The allegations of paragraphs 1 through 47 are realleged and incorporated herein

26   by reference. This cause of action is pled against each and every defendant.

27         49.    The employment agreement referred to above contained an implied covenant of

28   good faith and fair dealing, which obligated defendant to perform the terms and conditions of the

8

Complaint

1    agreement fairly and in good faith and to refrain from doing any act that would prevent or impede

2    plaintiff from performing any or all of the conditions of the contract that he agreed to perform, or

3    any act that would deprive plaintiff of the benefits of the contract.

4        50.    Plaintiff was associated with defendant for 4 years, and reasonably relied on the

5    provisions of the personnel manual regarding the causes for which an employee could be

6    discharged and the procedures set forth for such discharges.  This created for plaintiff the

7    expectation that defendant would apply its policies and procedures in an even-handed manner to

8    afford plaintiff the protections of those policies and procedures if defendant believed there was

9    cause to discharge plaintiff.

10        51.    Plaintiff at all times fulfilled his duties and conditions under the employment

11    agreement and has been ready, willing and able to continue performing them in a competent and

12    satisfactory manner.

13        52.    Defendant knew that plaintiff had fulfilled all his duties and conditions under the

14    employment agreement.

15        53.    Defendant breached the implied covenant of good faith and fair dealing under

16    the employment agreement by discharging plaintiff without just cause and based on trumped up

17    and false accusations and charges without any basis in fact and without adequate investigation or

18    probable cause to believe that such charges should be given any credence whatsoever.  Plaintiff

19    was discharged intentionally, maliciously, and without probable cause as described above, in bad

20    faith and for reason extraneous to the contract..  In fact, defendant wrongfully discharged plaintiff

21    because of reasons of discrimination against plaintiff's disability and ethnic background.  Such

22    motives were wrongful in nature and extraneous to the employment relationship and were

23    intended to deprive plaintiff of the benefits of the employment relationship.

24        54.    Defendant further breached the implied covenant of good faith and fair dealing

25    by violating and failing to follow its own personnel policies by failing to investigate, failing to

26    provide plaintiff with fair warning, failing to provide plaintiff with written notice of performance

27    deficiencies or other failures as required by its personnel policy before discharge.  This is

28    negligent supervision.

Complaint

55.     As a proximate result of defendant's breach of the implied covenant of good faith and fair dealing, plaintiff has suffered and continues to suffer losses in earnings, income earning potential, and other career benefits which he would have received had defendants not breached said covenant, to his damage in an amount according to proof.  He also suffered pain and suffering, emotional stress, anxiety and depression, and is entitled to special and general pain and suffering damages therefor.

56.     As a further proximate result of defendant's breach of the implied covenant of good faith and fair dealing, plaintiff has incurred reasonable attorneys' fees in attempting to secure the benefits owed him under the employment agreement.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs request relief as follows, against each defendant, for each cause of action:

1.     For back pay, future pay, lost income, severance pay, and other monetary relief, in a sum according to proof, i.e., the difference between what plaintiff should have been paid and what he actually was paid;

2.     For all lost contractual benefits.

3.     For general damages for physical and emotional pain and suffering sustained by plaintiff, in a sum according to proof;

4.     For special damages for plaintiff's lost income, foregone and delayed income and diminution in income earning capacity, and related expenses in a sum according to proof;

5.     For punitive damages in an amount appropriate to punish defendants for its wrongful conduct and set an example for others;

6.     For interest on the sum of damages awarded, calculated from January 12, 2006, to the date of judgment;

7.     For reasonable attorney's fees and costs incurred, pursuant to California Government Code Section 12965(b);

10

Complaint

1    8.    For costs of suit herein incurred; and

2    9.    For such other and further relief as this Court deems fair, just and equitable.

3    Dated: August 14, 2007

4    

5    Stanley G. Hilton
     Attorney for Plaintiff
6    Emilio Collado

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

Complaint



**\* \* \* EMPLOYMENT \* \* \***

| | |
|---|---|
| **COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT** | **DFEH #** E-200607-G-0138-00-mpe |
| | **EEOC #**   37A A6 05300 |

If dual-filed with EEOC, this form may be affected by the Privacy Act of 1974.

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING and EEOC

COMPLAINANT'S NAME (Indicate Mr. or Ms.)

**COLLADO, EMILIO ANTONIO**

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| 943 Laurie Avenue | (408) 235-8795 |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Santa Clara, CA 95054 | Santa Clara | 085 |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME

**LOCKHEED MARTIN SSC/MSO**

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| 1111 Lockheed Martin Way | (408) 742-3005 |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Sunnyvale, CA 94088 | Santa Clara | 085 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))

☐ RACE   ☐ SEX   ☒ DISABILITY   ☐ RELIGION   ☐ NATIONAL ORIGIN/ANCESTRY   ☐ DENIAL OF FAMILY/MEDICAL LEAVE   ☐ SEXUAL ORIENTATION
☐ COLOR   ☐ AGE   ☐ MARITAL STATUS   ☐ MEDICAL CONDITION (cancer or genetic characteristics)   ☒ OTHER (SPECIFY)   **RETALIATION**

| NO. OF EMPLOYEES/MEMBERS | DATE MOST RECENT OR CONTINUING DISCRIMINATION | RESPONDENT CODE |
|---|---|---|
| 100+ | TOOK PLACE (month, day, and year) January 12, 2006 | 18 |

THE PARTICULARS ARE:

I.   In October 2005, I was placed on a performance improvement plan. On November 30, 2005 I was suspended from work, and on January 12, 2006, I was terminated. I was hired on April 30, 2001, and at the time of termination I was earning $72,306.00, annually.

II.   HR Representative, Lanet Randall, told me I was terminated for misconduct.

III.   I believe that I was placed on a performance improvement plan, suspended from work and terminated because of my disability (Bi-polar). I also believe that I was suspended and terminated in retaliation for complaining about what I believed to be illegal discrimination. My belief is based on the following:

A.   On December 1, 2004, my employer was informed of my Bi-polar condition, via my application for long term disability.

B.   On October 5, 2005, I was placed on a performance improvement plan and I was suspended from work on November 30, 2005.

C.   In November 2005, I complained to HR Representative, Lanet Randall, that I felt I was being harassed.

D.   Shortly after I complained, I was placed on suspension and terminated.

E.   Prior to my employer's knowledge of my disability, I had never been placed on a performance improvement plan, or suspended.

F.   Other (non-disabled) employees accused of misconduct, were not similarly terminated.

☒ I also want this charge filed with the Federal Equal Employment Opportunity Commission (EEOC).   Corrected and mailed on 8-09-06.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated   11 AUGUST 2006

At   SANTA CLARA
                City

COMPLAINANT'S SIGNATURE

RECEIVED

AUG 1 4 2006

DEPT. OF FAIR EMPLOYMENT AND STATE OF CALIFORNIA

| | | |
|---|---|---|
| DFEH-300-01 (12/99) | SJ:RF:eo | DATE FILED: |
| DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING | | AUG 1 4 2006 |

98   PAGE 05                    EVELYN M NATELYN                    08/24/2006   09:29   4087430065                    PAGE 05

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
111 N. Market Street, Suite 810, San Jose, CA 95113
(408) 277-1277 TTY (800) 700-2320 Fax (408) 277-9997
www.dfeh.ca.gov



August 14, 2006

EMILIO ANTONIO COLLADO
943 LAURIE AVENUE
SANTA CLARA, CA 95054

RE:    E200607G0138-00-mpe/37AA605300
       COLLADO/LOCKHEED MARTIN SSC/MSO

Dear EMILIO ANTONIO COLLADO:

### NOTICE OF CASE CLOSURE

The consultant assigned to handle the above-referenced discrimination complaint that was filed with the Department of Fair Employment and Housing (DFEH) has recommended that the case be closed on the basis of: Processing Waived To Another Agency.

Please be advised that this recommendation has been accepted and the case has been closed effective August 14, 2006.

This letter is also your Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. This is also applicable to DFEH complaints that are filed under, and allege a violation of Government Code section 12948 which incorporates Civil Code sections 51, 51.7, and 54. The civil action must be filed within one year from the date of this letter. However, if your civil complaint alleges a violation of Civil Code section 51, 51.7, or 54, you should consult an attorney about the applicable statutes of limitation. If a settlement agreement has been signed resolving the complaint, it is likely that your right to file a private lawsuit may have been waived.

Notice of Case Closure
Page Two

This case may be referred to the U.S. Equal Employment Opportunity Commission (EEOC) for further review. If so, pursuant to Government Code section 12965, subdivision (d)(1), your right to sue will be tolled during the pendency of EEOC's review of your complaint.

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Marlene Massetti
District Administrator

cc:    Case File

EVELYN HUNT
EQUAL OPPORTUNITY
LOCKHEED MARTIN MISSILES & SPACE
1111 LOCKHEED MARTIN WAY
SUNNYVALE, CA 94088

DFEH-200-08e (06/06)
GFLORESR

LOCKHEED MARTIN

LOCKHEED MARTIN SPACE SYSTEMS COMPANY –SUNNYVALE DIVISION
1111 LOCKHEED WAY
P.O. BOX 3504
SUNNYVALE, CA 94089
O/35-05, B/154

# Facsimile transmittal

| | | | |
|---|---|---|---|
| **To:** | Larry Ulrich | **Fax:** | 408/742-8028 |
| **From:** | Evelyn Hunt | **Date:** | 8/24/2006 |
| **Re:** | E200607G0138-00-mpc/37AA605300 | **Pages:** | 7   (including cover sheet) |
| **CC:** | | | |

☐ Urgent    ☒ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

F.Y.I.  No action needed.

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | PERSON FILING CHARGE |
|---|---|

EMILIO ANTONIO COLLADO
vs.
LOCKHEED MARTIN SSC/MSO

THIS PERSON (CHECK ONE)

___ Claims to be aggrieved

___ Is filing on behalf of other person(s

DATE OF ALLEGED VIOLATION

PLACE OF ALLEGED VIOLATION

EEOC CHARGE NUMBER
37AA605300

FEPA CHARGE NUMBER (if known)
E200607G0138-00-mpe

## NOTICE OF CHARGE OF DISCRIMINATION IN JURISDICTIONS WHERE AN FEP AGENCY WILL INITIALLY PROCESS
(See EEOC "Rules and Regulations" for additional information)

YOU ARE HEREBY NOTIFIED THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

[✓] Title VII of the Civil Rights Act of 1964

[ ] The Age Discrimination in Employment Act of 1967 (ADEA)

[✓] The Americans with Disabilities Act of 1990 (ADA)

HAS BEEN RECEIVED BY

[ ] The EEOC and sent for initial processing to _____
                                                    (FEP Agency)
[X] The CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING and sent to the EEOC for dual filing purposes.

While EEOC has jurisdiction (upon the expiration of any deferral requirement if this is a Title VII charge) to investigate this charge, EEOC may refrain from beginning an investigation and await the issuance of the Agency's final findings and orders. These final findings and orders will be given weight by EEOC in making its own determination as to whether or not reasonable cause exists to believe that the allegations made in the charge are true.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency in the course of its proceedings will be considered by the Commission when it reviews the Agency's final findings and orders. In many instances the Commission will take no further action, thereby avoiding the necessity of an investigation by both the Agency and the Commission. This likelihood is increased by your active cooperation with the Agency.

[X] As a party to the charge, you may request that EEOC review the final decision and order of the above named Agency. For such a request to be honored, you must notify the Commission in writing within 15 days of your receipt of the Agency's final decision and order. If the Agency terminates its proceedings without issuing a final finding and order, you will be contacted further by the Commission. Regardless of whether the Agency or the Commission processes the charge, the Recordkeeping and Non-Retaliation provision of Title VII and the ADEA as explained on the reverse side of this form apply.

For further correspondence on this matter, please use the charge number(s) shown.

[ ] An Equal Pay Act investigation (29 U.S.C. 209(d)) will be conducted by the Commission concurrently with the Agency's investigation of the charge.
[X] Enclosure: Copy of the Charge

## BASIS OF DISCRIMINATION

[ ] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN   [ ] AGE   [ ] OTHER
[✓] DISABILITY   [✓] RETALIATION

CIRCUMSTANCES OF ALLEGED VIOLATION:

| DATE | TYPED NAME/TITLE OF AUTHORIZED EEOC OFFICIAL | SIGNATURE |
|---|---|---|
| August 14, 2006 | JOAN EHRLICH, DISTRICT DIRECTOR, SAN FRANCISCO D.O. | Joan Ehrlich |

EEOC FORM 131-A

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                    ARNOLD SCHWARZENEGGER, Governor



**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
111 N. Market Street, Suite 810, San Jose, CA 95113
(408) 277-1277 TTY (800) 700-2320 Fax (408) 277-9997
www.dfeh.ca.gov

August 14, 2006

EVELYN HUNT
EQUAL OPPORTUNITY
LOCKHEED MARTIN MISSILES & SPACE
1111 LOCKHEED MARTIN WAY
SUNNYVALE, CA  94088

RE:  E200607G0138-00-mpe/37AA605300
     COLLADO/LOCKHEED MARTIN SSC/MSO

Dear EVELYN HUNT:

## NOTICE OF FILING OF DISCRIMINATION COMPLAINT

Enclosed is a copy of a complaint that has been filed with the Department of Fair
Employment and Housing in accordance with California Government Code sections
12960 and/or 12980.  This constitutes service of the complaint pursuant to Government
Code sections 12962 and/or 12986.

This agency does not request any action by you at this time.  You will be notified by the
Department when any further official action is taken.

Sincerely,

REBECCA FLORES
Consultant
Telephone Number: 408-277-1279

Enclosures
CERTIFIED MAIL: RETURN RECEIPT REQUESTED

DFEH-200-05 (06/98)

STATE OF CALIFORNIA - State and Consumer Services Agency                                    ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
111 North Market, Ste. 810, San Jose, CA 95113
(408) 277-1277 TTY (800) 700-2320 Fax (408) 277-9997
www.dfeh.ca.gov



# PRIVACY NOTIFICATION

The Information Practices Act of 1977 requires this Department to provide the following information to persons who are asked by the Department of Fair Employment and Housing (DFEH) to supply information:

- The principal purpose for requesting information is to receive, investigate, and resolve complaints of discrimination.

- California Government Code section 12900, ex seq. and California Civil Code section 51 et seq. require persons seeking to file complaints with DFEH to provide sufficient information for the Department to establish jurisdiction and conduct an investigation of the allegations.

- The submission of requested information by those against whom a complaint is filed (respondent) is voluntary. However, all respondents should be aware that DFEH has the authority to subpoena those records and witnesses it deems necessary to complete the investigation.

- As authorized by law, information furnished may be transferred to the U.S. Equal Employment Opportunity Commission, the National Labor Relations Board, the U.S. Department of Labor, the U.S. Department of Housing and Urban Development, the U.S. Department of Health and Human Services, the U.S. Department of Education, the U.S. Department of Justice, or any branch of the California State Government, or any other local or Federal agency with similar jurisdiction.

- Information furnished would also be released pursuant to a valid subpoena.

- For the purpose of seeking a determination on a complaint, the information provided may be disclosed to members of the California Fair Employment and Housing Commission and an Administrative Law Judge at a public hearing.

- As permitted by the Information Practices Act, unless compelled by a subpoena, we do not release information in complaint files relating to open cases other than non-personal information on the complaint form itself. Once a complaint is closed, individuals have the right of access to records containing personal information about them which are maintained by the Department of Fair Employment and Housing. Non-personal information, including the allegations in the complaint document itself, are disclosable to the public when a case has been closed. The official responsible for maintaining the information is the District Administrator of the office where the complaint was filed.

10/26/2006 11:40    303-977-3501                                    PAGE  03
10/26/2006  11:00   Case 5:07-cv-05079-JF   Document 11   EVELYN M HUNT Filed 10/15/2007   Page 23 of 25   PAGE  03/05

Oct 19 2006 2:29PM   HP LASERJET FAX                                 p.2

STATE OF CALIFORNIA - State and Consumer Services Ag.                           Arnold Schwarzenegger, Governor

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
111 N. Market Street, Suite 810, San Jose, CA 95113
(408) 277-1277 TTY (800) 700-2320 Fax (408) 277-8997
www.dfeh.ca.gov

October 4, 2006

**RESERVED 10/11/06**

Emilio Antonio Collado
943 Laurie Avenue
Santa Clara, CA 95054

Re:  Case No./EEOC No.:   E-200607-G-0138-00-mpe/37A-A6-05300
     Case Name:          Collado/Lockheed Martin SSC/MSO

Dear Mr. Collado:

This letter is to notify you that the above-referenced case of discrimination is being
reopened.  This action is necessitated because it was referred to EEOC in error and the
Department of Fair Employment & Housing (DFEH) will be investigating your case.

In the event that you decide to file a private lawsuit, it must be filed no later than August
14, 2007.  The reopening of your case does NOT extend the statute of limitations.  You
will be advised of the Department's decision regarding this matter as soon as a final
determination is made.  If you have any questions, please feel free to call Consultant
Ernie Herrera at (408) 277-1910.

Sincerely,

Marlene Massetti
District Administrator

cc:   Evelyn Hunt
      Equal Opportunity
      Lockheed Martin Missiles & Space
      1111 Lockheed Martin Way
      Sunnyvale, CA 94088

      EEOC

# SUPPLEMENT TO NOTICE OF FILING OF
# EMPLOYMENT DISCRIMINATION COMPLAINT

### Case No. 8-200607-G-0138-00mpe

In addition to the following specific information, please remember to complete the "Response to a Complaint of Discrimination - B". Please respond in detail to each allegation in the complaint, and supply all statements or documents which, in your opinion, will assist us in determining the merits of this complaint.

1.  State the reason(s) complainant was terminated and provide all documentation to support your reasons, i.e., counseling notices, written reprimands, attendance records, etc. In addition, please state complainant's salary/rate of pay, and benefits received at the time of termination.
    a.  Explain or submit a copy of the policy which governed complainant's termination.

2.  Provide a copy of any written notice(s) to complainant of his termination.

3.  List the names of all person(s) involved in the decision to terminate complainant. State each person's job title, and responsibility as it relates to the decision to terminate complainant and the issues raised by the complainant in his charge of discrimination.

4.  Describe your company's practices regarding discipline and dismissal of employees in complainant's classification and work unit, including a description of the disciplinary steps required prior to termination for cause. Provide copies of any written policies.
    a.  State how this policy was applied to complainant.

5.  Provide a copy of the job description for complainant. If no written description exists describe the duties, responsibilities and required skills.

6.  List all employees, to include complainant, who were supervised by the same person supervising complainant during the past two years. Identify each person's disability (if known), job classification and provide the current home telephone number and work number.
    a.  Identify which of these employees were discharged for the same or equally serious reason as the complainant. Provide supporting documentation
    b.  Explain how the policy governing termination was applied to these employees and provide supporting documentation.
    c.  State how your pre-termination policy referenced in Question 4 was applied to these employees and provide appropriate documentation.

7.  List the names of all employees who were discharged by the same decision maker(s) who terminated complainant during the past two years. For each, state disability (if known), job classification, date of hire, date and reason for termination. Include supporting documenting such as termination notice, reprimands, attendance records, etc., and last known home address and telephone number for each employee listed.

8.  Provide the name, job classification, date of hire and salary of complainant's replacement.

9.  Complainant asserts that others accused of misconduct, committed the same or similar work infractions to those of the complainant but were not similarly reprimanded. Please respond to these allegations and provide documentation which supports your position.

-2-

10. Provide a description of your policy on retaliation. Provide a copy of any written policy, and explain what steps have been taken to implement it.

11. Describe your organization's policy and procedures for processing employee grievances. Submit a copy of any written grievance procedures relevant to the Complainant and the issues raised in the complaint.

12. Provide a copy of the investigation (if any) of the Complainant's alleged retaliation (suspended and placed on a Performance Improvement Plan). Provide copies of all notes and documents compiled by the investigator concerning the retaliation.

13. State whether you or your representative had prior to complainant's charge, been informed of any other complaints involving Barbara Cruise.

14. If any disciplinary action was taken as a result of the Complainant's complaint and/or your investigation, please describe action taken and provide supporting documentation.

15. Explain any action taken relative to a remedy in connection with any complaint of retaliation.

16. Has any other employee been suspended? If so, when and why.

17. Has any other employee been placed on a Performance Improvement Plan? If so, when and why and were they successful.

18. Provide all current any previous performance evaluations for the complainant for the period of 2003, 2004 and 2005.