STANLEY G. HILTON, BAR NO. 65990
LAW OFFICES OF STANLEY G. HILTON
580 CALIFORNIA ST., SUITE 500
SAN FRANCISCOI, CA 94104
Tel:  (415) 786-4821
FAX 415 439 4963
E MAIL: stavros3589@aol.com

Attorney for Plaintiff
EMILIO COLLADO

US DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILIO COLLADO, | No. C-07-5190-JF |
| Plaintiff, | FIRST AMENDED COMPLAINT FOR MONETARY DAMAGES |
| vs. | |
| LOCKHEED MARTIN and DOES 1 THROUGH 20, inclusive, | JURY TRIAL DEMANDED |
| Defendants. | |

**INTRODUCTORY ALLEGATIONS**

    1.    Plaintiff, EMILIO COLLADO, is a citizen of the COUNTY of Santa Clara, California, County of Santa Clara, and a Hispanic male who at all times herein mentioned resides in the City of San Jose California, in Santa Clara County, California.

    2.    Defendant, LOCKHEED MARTIN (hereinafter "Lockheed") is a business located at Sunnyvale, California.

    3.    Plaintiff was an employee of defendant from on or about April 30, 2001, to on or about January 12, 2006.

    4.    Defendants are individuals, corporations and businesses located in the County of

1

1  Santa Clara and are licensed to do business here.

2      5.    Plaintiff is ignorant of the true names and capacities of defendants sued herein
3  as does one through twenty, inclusive, and therefore sues these defendants by such fictitious
4  names. Plaintiff will amend this complaint to allege their true names and capacities when
5  ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously
6  named defendants is responsible in some manner for the occurrences herein alleged, and that
7  plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

8      6.    Plaintiff is informed and believes and thereon alleges that at all times herein
9  mentioned each of the defendants was the agent and employee of each of the remaining
10 defendants and, in doing the things hereinafter alleged, was acting within the course and scope of
11 such agency and employment.

12     7.    VENUE: VENUE IS HERE BECAUSE The unlawful business practice
13 complained of herein occurred in Santa Clara County, in Sunnyvale, California.

14     8.    JURISDICTION IS BASED ON 28 USC §1441 and defendant claims diversity
15 jurisdiction and they removed it from state court. The amount of damages sought by plaintiff
16 exceeds $ 75,000.

**FIRST CAUSE OF ACTION:**

VIOLATION OF CALIFORNIA GOVERNMENT CODE §§ 12940 THROUGH 12997
(DISCRIMINATION BASED ON DISABILITY)

A VIOLATION OF CALIF. FAIR EMPLOYMENT AND HOUSING ACT ("FEHA").

21     9.    The allegations of paragraphs 1 through 8 are realleged and incorporated herein
22 by reference. This cause of action is pled against each and every defendant.

23     10.    Defendants employed plaintiff from on or about April 30, 2001, to on or about
24 January 12, 2006, when plaintiff was fired without just cause, and pretextually, because of his
25 mental disability, bipolar disorder.

26     11.    Defendant hired plaintiff to perform certain tasks in its company, at Sunnyvale,
27 California. Plaintiff was promised career opportunities and paths and was promised a great

2

1  career.

2  12.  On or about December 1, 2004, defendants began to discriminate against
3  plaintiff because of his handicap, medical condition (bipolar). Defendant became aware of this
4  condition on or about December 1, 2004.

5  13.  On or about December 1, 2004, plaintiff's supervisor, Francis Seidl, pried into
6  his medical history and learned he suffered from bipolar disorder.

7  14.  On or about October 2005 defendant placed plaintiff on a PIP (performance
8  improvement plan); on November 30, 2005 defendant suspended plaintiff and on January 12,
9  2006, defendant fired plaintiff. On or about January 12, 2006, defendant terminated plaintiff's
10 employment, for discriminatory Reasons, and without just cause.

11 15.  Defendants concocted false accusations against plaintiff, accusing him of
12 insubordination, making threats etc., as a pretext for firing him.

13 16.  The defendant had no reason to fire plaintiff and did so because of
14 discriminatory attitudes by defendant as to plaintiff's disability.

15 17.  As a proximate result of said firing plaintiff suffered loss of income and benefits,
16 and severe damage to his reputation, in addition to lost income, and plaintiff has suffered the
17 loss of matching funds to his 401-K Plan which would have been contributed by defendant in the
18 form of shares of Lockheed-Martin stock and employee stock options, and other mutual funds
19 and other funds.

20 18.  As a proximate result of defendants' conduct as explained above, plaintiff has
21 been damaged financially and emotionally, suffered pain and suffering, emotional distress,
22 incurred medical costs, has lost income and other benefits, health insurance, life insurance,
23 pension plan, 401(k) plan etc., has suffered depression and anxiety, and has incurred great
24 expenses, and other health, employment and career benefits, as well as lost potential income
25 earning ability, all to his detriment in a sum according to proof. The actions of defendants
26 described in paragraphs 1 through 10, supra, constitute a violation of the FEHA, Cal.
27 Government Code §12940, et seq.

28

3

19. The foregoing conduct of defendants, and each of them, was at all material times malicious, oppressive, discriminatory and intentional and entitles plaintiff to an award of punitive damages. Also plaintiff requests an award of attorney fees under FEHA.

20. Plaintiff filed a timely complaint of discrimination with DFEH and in 2006 was given a right to sue letter giving him until August 14, 2007, to file this case in court, thus exhausting his administrative remedies. This action is timely brought within the time allowed by DFEH.

21. Plaintiff is entitled to an award of attorney fees under the FEHA statute, as the prevailing party. (Sec. 12965(b), Cal. Government. Code)

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION

(WRONGFUL TERMINATION)

22. The allegations of paragraphs 1 through 21 are realleged and incorporated herein by reference. This cause of action is pled against each and every defendant.

23. On or about January 12, 2006, defendants wrongfully terminated plaintiff from his job in violation of public policy in the state of California by harassing him because he is ethnic and disabled. This harassment violated California public policy which condemns discrimination based on DISABILITY. Manager of defendant cooked up and fabricated false charges against plaintiff. This was a pretext for breach of contract and wrongful termination.

24. The above described actions by defendants, as described in the first cause of action, supra, was done by defendants and each of them with the intent of harming the plaintiff to his detriment.

25. Plaintiff had vested employment rights because of his long term of association with defendants. The defendants' wrongful termination of his violates public policy.

26. As a proximate result of defendants' conduct as explained above, plaintiff has been damaged financially and emotionally, has suffered pain, has lost income and other benefits,

4

1  has suffered depression, and has incurred great expenses, and other health, employment and
2  career benefits, as well as lost potential income earning ability, all to his detriment in a sum
3  according to proof.
4     27.    The foregoing conduct of defendants, and each of them, was at all material times
5  malicious and intentional and done with reckless disregard to plaintiff's safety and interests and
6  rights and entitles plaintiff to an award of punitive damages.
7     WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as
8  hereinafter set forth.

### THIRD CAUSE OF ACTION

(BREACH OF CONTRACT)

11    28.    The allegations of paragraphs 1 through 27 are realleged and incorporated herein
12  by reference. This cause of action is pled against each and every defendant.
13    29.    Plaintiff contracted with defendants and each of them, on or about 2001, as an
14  employee with promises of regular increases for Cost of Living Adjustments (hereinafter
15  "COLA") and merit reasons.
16    30.    Plaintiff was associated with defendant for 4 years, consistently received good to
17  excellent performance evaluations and merit raises, was assured on numerous occasions that he
18  would not be terminated arbitrarily and relied on the provisions of the personnel manual
19  regarding the causes for which an employee could be discharged to conclude that plaintiff and
20  defendant had entered into an implied contract that plaintiff would not be discharged unless there
21  was good cause to do so.
22    31.    During the entire course of plaintiff's contract with defendants, and each of them,
23  there existed an express and implied-in-fact contract, both written and oral contract, between
24  plaintiff and defendants which included, but was not limited to, the following terms and
25  conditions:
26       a.    Plaintiff would be able to continue his association with defendants
27  indefinitely so long as he carried out his duties in a proper and competent manner and would be

5

paid $52,000/year plus regular COLA and merit increases and bonuses;

      b.    Plaintiff would not be harassed, demoted, discharged or otherwise disciplined nor would plaintiff's job functions be reassigned for other than good cause with notice thereof;

      c.    Defendants would not evaluate plaintiff's performance in an arbitrary, untrue or capricious manner;

      d.    If grievances or complaints were lodged regarding plaintiff's performance, he would be given written notice and a meaningful opportunity to respond and/or improve..

32. Plaintiff's total contract was evidenced by various written documents, oral representations to plaintiff by defendants' agents and employees, and the parties' entire course of conduct.

33. Plaintiff at all times fulfilled his duties, obligations and conditions under the contract and has been ready, willing and able to continue performing them in a competent and satisfactory manner.

34. Defendants materially breached said contract by summarily terminated by defendants on or about 2006, without cause on a bogus pretext. This wrongful termination violates the salary terms and conditions of the contract.

35. Defendants also materially breached said contract by creating trumped up charges which had no basis in fact. These baseless charges demeaned plaintiff and otherwise created a hostile work environment in an effort to induce plaintiff to quit.

36. Plaintiff's reliance on and belief in and acceptance on good faith of all the assurances, promises and representations as listed in the foregoing paragraphs, led plaintiff throughout his association with defendants to reasonably believe that his relationship was secure and that thereby existed a contract of continuous association with defendants and each of them. As independent consideration for this contract of continuous association, and as evidence of plaintiff's reliance thereon, at the time he began working for defendants, plaintiff gave up secure opportunities or employment with other employers and gave up other career options to accept

association with defendants. As further independent consideration, in addition to performing his regular duties as an employee of defendants, plaintiff refrained from seeking any other employment or opportunities and from time to time turned down, gave up, and refrained from pursuing other career opportunities, while associated by defendants.

37. Plaintiff undertook and continued association with defendants and duly performed all the conditions of the contract to be performed by him. Plaintiff has at all times been ready, willing and able to perform and has offered to perform all the conditions of this contract to be performed by him.

38. Defendants further materially breached the aforementioned employment contract by engaging in a course of conduct with the intent and effect of making plaintiff's work environment burdensome and oppressive in an effort to induce plaintiff to resign.

39. As a proximate result of defendants' breach of the total employment contract, plaintiff has suffered and continues to suffer losses in earnings, income earning potential, and other career benefits which he would have received had defendants not breached said agreement, all to his damage in an amount according to proof. He also suffered pain and suffering, emotional stress, anxiety and depression, and is entitled to special and general pain and suffering damages therefore.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as hereinafter set forth.

## FOURTH CAUSE OF ACTION

(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

40. The allegations of paragraphs 1 through 38 are realleged and incorporated herein by reference. This cause of action is pled against each and every defendant.

41. On or about 2005 through 2006, defendants' managers and officers engaged in outrageous conduct by imposing a very hostile work environment on him. The defendants began documenting imaginary instances of problems and constantly accusing plaintiff of misconduct without justification.

1ST AMENDED Complaint
COLLADO VS LOCKHEED   NO. C 07 5190 JF

42. This was nothing more than an attempt to humiliate plaintiff and cause him great emotional distress BECAUSE OF HIS MENTAL DISABILITY.

43. On or about Jan 12, 2006, defendants conspired against plaintiff and fired plaintiff in an outrageous manner designed to humiliate and embarrass him, and without any justification.

44. The above-described intentional acts constituted outrageous behavior which caused plaintiff severe emotional distress. The defendants' conduct was outrageous, intentional and malicious and done for the purpose of causing plaintiff to suffer humiliation, mental anguish, and emotional and physical distress. The defendants' conduct was done with a wanton and reckless disregard of the consequences to plaintiff's safety and interests.

45. As a proximate result of the aforementioned acts of the defendants, and each of them, plaintiff has suffered and continues to suffer humiliation, mental anguish, and emotional and physical distress and has been injured in mind and body in an amount according to proof. Plaintiff's emotional injuries include anxiety, phobias, stress, and fear of harassment and verbal abuse.

46. By reason of the aforementioned acts of the defendants and each of them, plaintiff was prevented from attending to his usual occupation and therefore is entitled to damages for lost income and benefits, as hereinabove alleged, according to proof.

47. The aforementioned acts of defendants, and each of them, were willful, wanton, malicious and oppressive, and justify the awarding of exemplary and punitive damages in an amount according to proof, in excess of the jurisdictional minimum of this court.

48. By the above conduct, which was outrageous, defendants and each of them inflicted emotional distress upon the plaintiff.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as hereinafter set forth.

## FIFTH CAUSE OF ACTION

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs request relief as follows, against each defendant, for each cause of action:

1. For back pay, future pay, lost income, severance pay, and other monetary relief, in a sum according to proof, i.e., the difference between what plaintiff should have been paid and what he actually was paid;

2. For all lost contractual benefits.

3. For general damages for physical and emotional pain and suffering sustained by plaintiff, in a sum according to proof;

4. For special damages for plaintiff's lost income, foregone and delayed income and diminution in income earning capacity, and related expenses in a sum according to proof;

5. For punitive damages in an amount appropriate to punish defendants for its wrongful conduct and set an example for others;

6. For interest on the sum of damages awarded, calculated from January 12, 2006, to the date of judgment;

7. For reasonable attorney's fees and costs incurred, pursuant to California Government Code Section 12965(b);

8. For costs of suit herein incurred; and

9. For such other and further relief as this Court deems fair, just and equitable.

Dated: JAN 3 2008

Stanley G Hilton
Attorney for Plaintiff
Emilio Collado

9

1ST AMENDED Complaint
COLLADO VS LOCKHEED   NO. C 07 5190 JF